UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN CIVIL LIBERTIES UNION
125 Broad Street
New York, NY 10004

AMERICAN CIVIL LIBERTIES UNION FOUNDATION,
125 Broad Street
New York, NY 10004

          Plaintiffs,

  v.

DEPARTMENT OF JUSTICE,
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

          Defendant.

Civil Action No.

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

### Preliminary Statement

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202, seeking the immediate processing and release of agency records requested by plaintiffs American Civil Liberties Union and American Civil Liberties Union Foundation (collectively "ACLU") from defendant Department of Justice ("DOJ").

2. On November 29, 2007, the ACLU filed a FOIA request ("Request") with the Executive Office for United States Attorneys ("EOUSA"), which is part of DOJ. The ACLU asked for expedited processing of its Request, which sought records about the DOJ's role in tracking the location of individuals' mobile phones without first obtaining a warrant based on probable cause. Specifically, the Request

sought the release of all records pertaining to defendant's policies, procedures and practices followed to obtain mobile phone location information for law enforcement purposes and, in particular, information on criminal prosecutions of individuals who were tracked using mobile phone location data where the government did not first secure a warrant based on probable cause.

3. The ACLU submitted the Request after court decisions and media reports revealed that the United States Attorneys Offices were claiming not to need probable cause to obtain real-time tracking information and that some field offices were violating a DOJ "internal recommendation" that "federal prosecutors seek warrants based on probable cause to obtain precise location data in private areas."[1] Also, news reports raised the possibility that on at least some occasions, law enforcement officers obtain tracking data directly from mobile carriers without any court involvement.

4. The information now in the public domain suggests that defendant may be engaging in unauthorized and potentially unconstitutional tracking of individuals through their mobile phones. Information pertaining to the DOJ's procedures for obtaining real-time tracking information is vital to the public's understanding of the privacy risks of carrying a mobile phone and of, more generally, the government's expansive view of its surveillance powers. The limited information currently available about the government's tracking practices raises serious questions about whether the government is complying with the law and the Constitution.

---

[1] Ellen Nakashima, *Cellphone Tracking Powers on Request*, Washington Post, Page A01, Nov. 23, 2007, available at http://www.washingtonpost.com/wp-dyn/content/article/2007/11/22/AR2007112201444.html?hpid=topnews.

5. Plaintiffs are entitled to a response to their Request and to a timely release of the records sought. EOUSA declined to expedite the processing of plaintiffs' request. Although it has been six months since the initial filing of the Request, plaintiffs have only received an incomplete response and defendant has failed to release the records requested.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(A)(vii), 552(a)(4)(B), and 552(a)(6)(E)(iii). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201(a) & 2202. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

7. The American Civil Liberties Union is a nationwide, non-profit, non-partisan organization with over 500,000 members dedicated to the constitutional principles of liberty and equality.

8. The American Civil Liberties Union Foundation ("ACLUF") is a separate 501(c)(3) organization that educates the public about civil liberties and employs lawyers who provide legal representation free of charge in cases involving civil liberties.

9. Defendant DOJ is a Department of the Executive Branch of the United States Government. The DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1). EOUSA is a component of defendant DOJ.

## Background

10. Recent court decisions and media reports reveal that law enforcement officers, frequently from the Drug Enforcement Administration, are routinely asking courts to compel mobile carriers to provide them with information that enables them to locate individuals through their cell phones. Ellen Nakashima, *Cellphone Tracking Powers on Request*, Washington Post, Page A01, Nov. 23, 2007. Known as real-time tracking, this procedure allows officials to home in on individuals by tracking their mobile phones, capable of pinpointing the target to within 30 feet. *Id.*

11. Over the past few years, the government's tactics in obtaining real-time tracking information have garnered increasing attention. Specifically, news reporters and legal experts have indicated growing concern that the government is circumventing legal procedures for obtaining warrants based on probable cause when enlisting telephone companies to furnish information.[2] On November 29,

---

[2] *See, e.g.,* Brendan I. Koerner, *Your Cellphone is a Homing Device*, Legal Affairs, July/August 2003; William B. Baker, *New York Case Tests Law of Surveillance on Cell Phone Location Data*, Privacy in Focus, Sept. 2005; Declan McCullagh, *Police Blotter: Cell Phone Tracking Rejected*, CNET News.com, Sept. 2, 2005, at http://www.news.com/Police-blotter-Cell-phone-tracking-rejected/2100-1030_3-5846037.html; Al Gidari, *Yet Another Court Rules that Disclosure of Cell Site/Location Information Requires Probable Cause Showing*, Digestible Law: Perkins Coie's Internet Case Digest, Oct. 21, 2005; Ryan Singel, *U.S. Cell-Phone Tracking Clipped*, Wired, Oct. 27, 2005; Anita Ramasastry, *Every Move You Make, Part Three: Why Law Enforcement Should Have to Get a Warrant Before Tracking Us Via our Cell Phones*, FindLaw.com, Nov. 10, 2005, at: http://writ.news.findlaw.com/ramasastry/20051110.html; Matt Richtel, *Live Tracking of Mobile Phones Prompts Court Fights on Privacy*, New York Times, Dec. 10, 2005, at A1; Neal Conan, *NPR Talk of the Nation: Surveillance Via Cell Phone*, National Public Radio, Dec. 14, 2005; Tresa Baldas, *Feds' Cell Phone Tracking Divides the Courts*, The National Law Journal, Jan. 19, 2006; Scott Cameron, *Your Cell Phone is Homing Beacon – Should the Government Be Allowed to Use It Without Showing Probable Cause?*, The IP Law Blog, April 12, 2006; Stephen V. Treglia, *Trailing Cell Phones: Courts Grapple with Requests from Prosecutors Seeking Prospective Tracking*, New York Law Journal, July 18, 2006; Daniel R. Sovovool & Kristin Jamberdino, *Tracking a User's Location Via Cell Phone*, ipFrontline.com, Nov. 16, 2006, at: http://www.ipfrontline.com/depts/article.asp?id=9633&deptid-5; Linda Coady, *Government May Track Cell Phone Movements, N.Y. Court Says*, Privacy Litigation Reporter, Vol. 4:3, Nov. 17, 2006; Kim Janssen, *Keeping Track of Your Every Move*, Southtown Star, Feb. 10, 2008; Jason Cato, Prosecutors in Pittsburgh Appeal Ruling of Denying Cell Phone Tracking, Pittsburgh Tribune Review, Mar. 10, 2008; Caryn Tamber, *Md. Court of Special Appeals: Police Can Track Suspect Through GPS, cell signals*, Daily Record (Baltimore, MD), Feb. 19, 2008; Editorial, Government Tracking: One for the Constitution,

2007, a report in the *Washington Post* indicated that officers regularly seek court authorization based on an evidentiary showing less burdensome than probable cause and, in some cases, obtain tracking data directly from mobile carriers without any court involvement, sparking extensive media interest and speculation. Nakashima, *supra,* at A01.[3]

12.     The *Washington Post* article revealed that such requests for court orders run counter to the Justice Department's own "internal recommendation" that "federal prosecutors seek warrants based on probable cause to obtain precise location data in private areas." *Id.*

13.     Nonetheless, a growing number of reports reveal that the government claims not to need probable cause to obtain real-time tracking information. Publicly available court decisions disclose that federal officials who do petition a court for an order are frequently using a standard lower than probable cause, replacing it with a "reasonable relevance" standard, which requires only a simple showing of

---

Pittsburgh Tribune Review, Mar. 14, 2008, at
http://www.pittsburghlive.com/x/pittsburghtrib/opinion/archive/s_557160.html; Ronald Spinner, I Always Feel Like Somebody's Tracking Me, Michigan Telecommunications and Technology Law Review, Feb. 13, 2008, at http://blog.mttlr.org/2008/02/i-always-feel-like-somebodys-tracking.html#spinnerfn26anc; David Lazarus, Consumer Confidential: Cellphones to Keep Track of Your Purchases – and You, Los Angeles Times, March 16 2008; Declan McCullagh, Police Blotter: E911 Rules Aid Police in Tracking Cell Phones, CNET News.com, Feb. 8, 2008, at http://news.cnet.com/Police-Blotter-E911-rules-aid-police-in-tracking-cell-phones/2100-1030_3-6229805.html.

[3] Newspapers around the country deemed the Washington Post article sufficiently important that it was reprinted in the Charlotte Observer, Chicago Tribune, Cincinnati Post, Houston Chronicle, Lexington Herald-Leader, Pittsburgh Post-Gazette, Seattle Times, South Florida Sun-Sentinel, and St. Paul Pioneer Press. *See also*: *Justice Department Defends Use of Cell-Phone Tracking Data*, Fox News, Nov. 24, 2007, at http://www.foxnews.com/story/0,2,933,312647,00.html; *Feds Push for Real-Time Cell-Phone Tracking Data*, San Jose Mercury News, Nov. 23, 2007, at 4a; *Phone Tech Raises Privacy Concerns*, United Press International, Nov. 23, 2007; Cable News Network, Kelli Arena interviews Mark Rotenburg, Nov. 23, 2007 transcript available at 2007WLNR 23221490; Fox coverage, Nov. 23, 2007, transcript available at 2007 WLNR 23256527; Editorial, *Probable Abuse*, Albany Times Union, Nov. 27, 2007; Editorial, *Privacy Threat, Congress and the Judiciary Should Promulgate Tighter Rules for Government Access to Cell Phone Data*, Houston Chronicle, Nov. 25, 2007; Editorial, *Tracking You Down*, Syracuse Post-Standard, Nov. 25, 2007.

"articulable relevance to an ongoing investigation." *E.g., In Re U.S. Order Dir. A Prov. Of Elec. Commun.*, 534 F. Supp. 2d 585, 587 (W.D. Pa. 2008) (concluding that the 'reasonable relevance' standard was unconstitutional and that officials must show probable cause).[4]

14. Information on government practices and procedures in obtaining real-time tracking data is lacking. It is not publicly known whether the government routinely obtains mobile phone location information without any court supervision. Yet, the implications for the public are vast: over 240 million Americans carry mobile phones and the number is steadily increasing. CTIA—The Wireless Association—Survey Results June 2007, available at http://www.ctia.org/media/press/body.cfm/prid/1717.

15. The limited information currently available about the government's tracking practices raises serious questions about whether the government is complying with the law and the Constitution. Several courts have held that the government lacks authority to track individuals without first obtaining a warrant based on probable cause.[5]

---

[4] *See also, e.g,* Nakashima, *supra* note 1, at A01; Ramasastry, *supra* note 2, at 1; Sovocool and Jamberdino, *supra* note 2, at 2.

[5] *See, e.g, In Re U.S. Order Dir. A Prov. Of Elec. Commun.*, 534 F. Supp. 2d 585, 587, (W.D. Pa 2008); *In the Matter of the Application of the UNITED STATES of America for ORDERS AUTHORIZING the INSTALLATION and Use of PEN REGISTERS and Caller Identification Devices on Telephone Numbers [Sealed] and [Sealed]*, 416 F. Supp. 2d 390, 391 (D. Md. 2006) ("Unless and until Congress takes further action, the court may only authorize disclosure of prospective cell site information upon a showing of probable cause pursuant to Rule 41."); *In the Matter of an APPLICATION OF THE UNITED STATES FOR AN ORDER (1) AUTHORIZING THE USE OF A PEN REGISTER AND A TRAP AND TRACE DEVICE and (2) Authorizing Release of Subscriber Information and/or Cell Site Information*, 396 F. Supp. 2d 294, 295 (E.D.N.Y. 2005) ("[E]xisting law does not permit the government to obtain the requested information on a prospective, real-time basis without a showing of probable cause.").

6

16.     Disclosure of the requested information is vital to the public understanding of the privacy risks of carrying a mobile phone.

### The FOIA Request

17.     On November 29, 2007, the ACLU filed a FOIA request with EOUSA seeking the release of records relating to government use of information from mobile carriers to track the location of individuals' mobile phones. Specifically, plaintiffs sought records reflecting the policies, procedures and practices followed to obtain mobile phone location information for law enforcement purposes ("Question 1"); the "internal recommendation" that "federal prosecutors seek warrants based on probable cause to obtain precise location data in private areas," as described in the *Washington Post* article, *supra*, at A01 ("Question 2"); any violations of the "internal recommendation" ("Question 3"); the number of times the government has applied for a court order, based on less than probable cause, authorizing it to obtain mobile phone location information, and whether such applications were successful ("Question 4"); and records reflecting the case name, docket number, and court of all criminal prosecutions, current or past, of individuals who were tracked using mobile location data, where the government did not first secure a warrant based on probable cause of such data ("Question 5"). In its request with the EOUSA, the ACLU asked that 18 offices be searched.[6]

18.     Plaintiffs requested expedited processing under the applicable provisions of the FOIA and defendant DOJ's regulations. They also sought both a limitation of

---

[6] Office of Legal Programs, General Counsel's Office, Directors' Office, Southern District of California, Northern District of California, Central District of California, Eastern District of California, the District of Columbia, Northern District of Indiana, Southern District of Indiana, Eastern District of Louisiana, Western District of Louisiana, Middle District of Louisiana, District of New Jersey, Northern District of Florida, Middle District of Florida, Southern District of Florida, and District of Nevada.

7

processing fees as a "representative of the news media" and a waiver of all costs on the grounds that disclosure of the requested information in this case would contribute to the public understanding of the privacy risks of carrying a mobile phone and of the "operations and activities of the government" in tracking individuals through cell phones.

### Agency Responses

19.     The EOUSA responded on December 7, 2007. It denied the ACLU's request for expedited processing. The letter stated that the agency had divided the Request into 19 parts[7] and that each of the 18 offices indicated by the ACLU were directed to reply to Questions 2-4 of the Request. A separate assignment number was given to what the EOUSA called "Third Party Tracking Cases," which dealt solely with Question 5 of the FOIA request seeking records regarding criminal prosecutions.

20.     By letter of December 12, 2007, the EOUSA responded specifically to the "Third Party Tracking Cases" request. In the letter, the EOUSA declined to respond to the question, claiming that, pursuant to EOUSA policy, the office could neither "confirm nor deny that records concerning living third parties exist" on the grounds that the disclosure of such information would constitute an "unwarranted invasion of personal privacy." On February 6, 2008, the ACLU appealed this decision but has yet to receive a response. The EOUSA is in violation of 5 U.S.C. § 552(a)(6)(A)(ii) requiring that all agencies make a determination with respect to any appeal within twenty days.

---

[7] Although the letter itself claims to divide the request into 16 parts, there are actually 19 parts, each given its own assignment number.

21.     By letter of January 24, 2008, the EOUSA responded to the request assigned to the District of Nevada, 07-4136. In the letter, the EOUSA denied the ACLU's request for a fee reduction, determining that the ACLU did not meet the requirements to be designated a "media requester for FOIA fee purposes." It further denied the request for a fee waiver, concluding that disclosure of the information requested would not "contribute significantly to public understanding of the operations and activities of the government." Based on these conclusions, the EOUSA demanded an advance payment in order to continue processing the request for the District of Nevada. On March 12, 2008, the ACLU appealed the EOUSA's decision regarding request 07-4136, but has yet to receive a response. The EOUSA is in violation of 5 U.S.C. § 552(a)(6)(A)(ii) requiring that all agencies make a determination with respect to any appeal within twenty days.

22.     Of the remaining 17 offices, ten have responded and reported locating no records.[8] Two have responded with partial denials,[9] in effect withholding all documents, on the ground that the release of the records would constitute an "unwarranted invasion of personal privacy." With respect to these requests, plaintiffs did not appeal some determinations,[10] and the time to appeal others has not yet run.[11] These requests are therefore not before this Court.

---

[8] The Office of Legal Programs, General Counsel's Office, Southern District of California, Eastern District of California, Southern District of Indiana, Eastern District of Louisiana, Western District of Louisiana, the District of New Jersey, the Southern District of Florida, and the Director's Office.

[9] The District of New Jersey and the Middle District of Florida.

[10] The Office of Legal Programs, General Counsel's Office, Southern District of California, Eastern District of California, Southern District of Indiana, Western District of Louisiana, and the Director's Office.

[11] The Eastern District of Louisiana, the District of New Jersey, and the Southern District of Florida.


23. As of the date of this filing, the remaining five offices have failed to respond to plaintiffs' request.[12]

24. With regard to the five offices that have failed to respond and the requests the denial of which the ACLU appealed (Question 5 and the District of Nevada), defendant is improperly withholding the records sought by plaintiffs' Request. These requests are properly before this Court.

## Cause of Action

25. Defendant's failure to make promptly available the records sought by plaintiffs' Request violates the FOIA, 5 U.S.C. § 552(a)(3)(A), and defendant's corresponding regulations.

26. Defendant's failure to timely respond to plaintiffs' Request violates the FOIA, 5 U.S.C. § 552(a)(6)(A), and defendant's corresponding regulations.

27. Defendant's failure to grant plaintiffs' request for expedited processing violates the FOIA, 5 U.S.C. § 552(a)(6)(E), and defendant's corresponding regulations.

28. Defendant's failure to grant plaintiffs' request for a waiver of fees violates the FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), and defendant's corresponding regulations.

29. Defendant's failure to grant plaintiffs' request for a limitation of fees violates the FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II), and defendant's corresponding regulations.

---

[12] The Northern District of California, Central District of California, District of Columbia, Northern District of Indiana, and the Middle District of Louisiana.

**Requested Relief**

WHEREFORE, plaintiffs pray that this Court:

   A.  Order defendants immediately to process and provide all outstanding requested records;

   B.  Enjoin defendants from charging plaintiffs fees for the processing of their Request;

   C.  Issue a declaration that the ACLU qualifies as a "representative of the news media" for purposes of fee assessments under the FOIA;

   D.  Award plaintiffs their costs and reasonable attorneys' fees incurred in this action; and

   E.  Grant such other relief as the Court may deem just and proper.

July 1, 2008                              Respectfully submitted,

/s/ *Arthur B. Spitzer*
Arthur B. Spitzer (D.C. Bar No. 235960 )
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, N.W., Suite 119
Washington, D.C. 20036
Tel: (202) 457-0800
Fax: (202) 452-1868

Catherine Crump
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
Tel: (212) 549-2500
Fax: (202) 452-1868

David L. Sobel (D.C. Bar No. 360418)
Electronic Frontier Foundation
1875 Connecticut Avenue, N.W., Suite 650
Washington, DC 20009
Tel: (202) 797-9009
Fax: (202) 797-9066

# CIVIL COVER SHEET
JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| American Civil Liberties Union<br>American Civil Liberties Union Foundation  88888 | United States Department of Justice |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Arthur B. Spitzer
American Civil Liberties Union of the National Capital Area
1400 20th Street, NW, Suite 119
Washington, DC 2003
Tel: (202) 457-0800

ase: 1:08-cv-01157
Assigned To : Robertson, James
Assign. Date : 7/1/2008
Description: FOIA/Privacy Act

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**
Any nature of suit from any category may be selected for this category of case assignment.
*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. Habeas Corpus/ 2255 | ○ H. Employment Discrimination | ⊙ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Freedom of Information Act, 5 U.S.C. § 552, for injunctive and other appropriate relief for failure to provide requested records.

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE July 1, 2008   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

RECEIVED
JUL - 1 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT