UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, *et al.*, | ) No. 1:08-cv-01157-JR )
)  ANSWER |
| Plaintiffs, | ) ) |
| v. | ) ) |
| DEPARTMENT OF JUSTICE, | ) ) |
| Defendant. | ) ) |

Defendant, the Department of Justice, hereby answers the complaint as follows:

1.  This paragraph is plaintiffs' characterization of this action, to which no response is required.

2.  Denies; avers that, plaintiffs submitted a request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to the Executive Office for United States Attorneys (EOUSA) by letter from Catherine Crump, Esq., dated November 29, 2007, and refers to that letter for a full and accurate account of its contents.

3.  Defendant lacks knowledge or information sufficient to form a belief as to why "[t]he ACLU submitted the Request." Denies the other averments contained in the first sentence of this paragraph and in n.1; avers the existence of Ellen Nakashima, *Federal Requests for Cellphone Tracking Data Raise Privacy Concerns*, Wash. Post, Nov. 23, 2007, *reprinted at* 2007 WLNR 23148047 (Nakashima Article), and refers to that article for a full and accurate account of its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence of this paragraph.

4. Denies that "the government is [not] complying with the law and the Constitution." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the other averments contained in this paragraph.

5. The first sentence of this paragraph consists of legal conclusions, to which no response is required. Denies the averments contained in the second and third sentences of this paragraph; avers that efforts to respond to plaintiffs' FOIA request are continuing and that certain material responsive to the request has been withheld pursuant to 5 U.S.C. § 552(b).

6. This paragraph consists of legal conclusions, to which no response is required.

7-8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in these paragraphs.

9. Admits the averments contained in the first sentence of this paragraph. The second sentence of this paragraph consists of legal conclusions, to which no response is required. Admits the averments contained in the third sentence of this paragraph.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of this paragraph. Denies the other averments contained in this paragraph; avers the existence of the Nakashima Article and refers to that article for a full and accurate account of its contents.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in the first and second sentences of this paragraph and in n.2. Denies the averments contained in the third sentence of this paragraph and in the citation that follows it; avers the existence of the Nakashima Article and refers to that article for a full and accurate

account of its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in n.3.

12. Denies; avers the existence of the Nakashima Article and refers to that article for a full and accurate account of its contents.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of this paragraph. The averments contained in the second sentence of this paragraph and in the citation that follows it consist of legal conclusions, to which no response is required. Denies the averments contained in n.4 as to "Nakashima"; avers the existence of the Nakashima Article and refers to that article for a full and accurate account of its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the other averments contained in n.4.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

15. Denies that "the government is [not] complying with the law and the Constitution." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the other averments contained in the first sentence of this paragraph. The averments contained in the second sentence of this paragraph and in n.5 consist of legal conclusions, to which no response is required.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

17-18. Denies the averments contained in these paragraphs and in n.6; avers the existence of the FOIA request described in ¶ 2, *supra*, and refers to that request for a full and accurate account of its contents.

19. Denies the averments contained in this paragraph and in n.7; avers the existence of letters dated December 7, 2007, from William G. Stewart II to Ms. Crump and refers to those letters for a full and accurate account of their contents.

20. Denies the averments contained in the first and second sentences of this paragraph; avers the existence of a letter dated December 12, 2007, from Mr. Stewart to Ms. Crump and refers to that letter for a full and accurate account of its contents. Denies the averments contained in the third sentence of this paragraph; avers the existence of a letter dated February 6, 2008, from Ms. Crump to the Office of Information and Privacy and a letter dated February 14, 2008, from Priscilla Jones to Ms. Crump, and refers to those letters for a full and accurate account of their contents. The averments contained in the fourth sentence of this paragraph consist of legal conclusions, to which no response is required.

21. Denies the averments contained in the first, second, third, and fourth sentences of this paragraph; avers the existence of a letter dated January 24, 2008, from Mr. Stewart to Ms. Crump and refers to that letter for a full and accurate account of its contents. Denies the averments contained in fifth sentence of this paragraph; avers the existence of a letter dated March 12, 2008, from Ms. Crump to Mr. Stewart and a letter dated March 18, 2008, from Ms. Jones to Ms. Crump, and refers to those letters for a full and accurate account of their contents. The averments contained in the sixth sentence of this paragraph consist of legal conclusions, to which no response is required.

22. Admits the averments contained in the first sentence of this paragraph and in n.8. Denies the averments contained in the second sentence of this paragraph and in n.9; avers that the United States Attorney's Offices (USAOs) for the Northern and Middle Districts of Florida have withheld certain material pursuant to 5 U.S.C. § 552(b). Denies the averments contained in the third and fourth sentences of this paragraph and in nn. 10 and 11; avers that plaintiffs "did not appeal some determinations" and that the time to appeal other such determinations had not yet run as of the date of the complaint; further avers that the requests to the Director's Office, Office of Legal Programs, and General Counsel's Office of EOUSA and to the USAOs for the Southern and Eastern Districts of California, the Southern District of Indiana, the Eastern and Western Districts of Louisiana, the District of New Jersey, and the Northern, Middle, and Southern Districts of Florida are not before this Court.

23. Admits the averments contained in this paragraph and in n.12.

24. Denies; avers that no request is properly before the Court involving any office that does not have any responsive records.

25-29. These paragraphs consist of legal conclusions, to which no response is required. To the extent a response is required, denies.

No response to the internal headings of the complaint is required. To the extent a response is required, denies.

Every averment of the complaint not otherwise answered is hereby denied.

FOR A FIRST AFFIRMATIVE DEFENSE

Some or all of plaintiffs' claims are moot.

Wherefore, this action should be dismissed with prejudice and plaintiffs should take nothing.

        Respectfully submitted,

        GREGORY G. KATSAS
        Assistant Attorney General
        JEFFREY A. TAYLOR
        United States Attorney

        s/ *David M. Glass*
        ELIZABETH J. SHAPIRO, D.C. Bar 418925
        DAVID M. GLASS, DC Bar 544549
        Attorney, Dep't of Justice, Civil Division
        20 Mass. Ave., N.W., Room 7200
        Washington, D.C.  20530
        Tel: (202) 514-4469/Fax: (202) 616-8470
        E-mail: david.glass@usdoj.gov
Dated: August 7, 2008        Attorneys for Defendant