# EXHIBIT 4

LEGAL DEPARTMENT

ACLU
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION

v 8-0946 FOIA (A) EOUSA

February 6, 2008

*By Federal Express*

Office of Information and Privacy
Department of Justice
1425 New York Avenue
Suite 11050
Washington, D.C. 20530-0001

RECEIVED
FEB 11 2008
Office of Information and Privacy

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
LEGAL DEPARTMENT
NATIONAL OFFICE
125 BROAD STREET, 18TH FL
NEW YORK, NY 10004-2400
T/212.549.2500
F/212.549.2651
WWW.ACLU.ORG

OFFICERS AND DIRECTORS
NADINE STROSSEN
*PRESIDENT*

ANTHONY D. ROMERO
*EXECUTIVE DIRECTOR*

RICHARD ZACKS
*TREASURER*

*re: FOIA Appeal, No. 07-4137*

The American Civil Liberties Union and American Civil Liberties Union Foundation (ACLU) appeal the denial of their Freedom of Information Act request, No. 07-4137, for information related to the "case name, docket number, and court of all criminal prosecutions, current or past, of individuals who were tracked using mobile location data, where the government did not first secure a warrant based on probable cause for such data." *See* FOIA Request, Attachment A.

As grounds for denial, the Executive Office explained that "it is the policy of the Executive Office neither to confirm nor deny that records concerning living third parties exist." It also claimed that the requested information is exempt from release pursuant to 5 U.S.C. § 551(b)(6) and/or (b)(7)(C) and that its release would violate the Privacy Act. *See* Executive Office Letter, Attachment B.

None of these grounds are valid.

Although the Executive Office claims to have a policy of not releasing information about living third parties, the United States Attorneys offices to which the ACLU's FOIA request is directed routinely release the kind of information the ACLU seeks here. The ACLU seeks the case name and docket number of all criminal prosecutions where a certain, constitutionally questionable evidence gathering technique was utilized. The Executive Office is correct that this information will enable the ACLU to locate certain publicly available court records, which will in turn disclose the names of certain individuals who have been or are being prosecuted by the federal government. But this information, the names of individuals being prosecuted, is precisely the sort of information United States Attorneys' Offices routinely release, for example in press releases.

*See, e.g.*, Web Site of United States Attorney's Office, Middle District of Alabama, Press Releases (http://www.usdoj.gov/usao/alm/Press/index.html) (containing press releases announcing, among other things, indictment of "John Garry Bournes, age 54, of Florida, for failing to register as a sex offender").

Regardless, the existence of a policy against disclosure would not excuse the Executive Office from complying with FOIA. FOIA was enacted by Congress to promote government oversight. The Executive Office cannot unilaterally excuse itself from this requirement.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

The Executive Office also contends that the documents the ACLU seeks are exempt from disclosure under FOIA pursuant to 5 U.S.C. § 551(b)(6) and/or (b)(7)(C), and that release of this information would violate the Privacy Act.

As the Executive Office is aware, the law requires balancing the public interest in disclosure against the loss of privacy. *Department of Defense v. FLRA*, 510 U.S. 487, 497 (1994). Given the nature of the ACLU's records request, this balance tips in favor of disclosure.

The purpose of FOIA is to contribute to public understanding of the operation of government, particularly where the government may be violating the law. *Department of the Air Force v. Rose*, 425 U.S. 352, 372 (1976). The ACLU's FOIA request goes to the heart of that purpose. The ACLU seeks to inform the public about the government's use of a highly controversial law enforcement technique that some courts have already held to be unconstitutional. *See, e.g.*, *In The Matter Of The Application Of The United States Of America For An Order Authorizing The Release Of Prospective Cell Site Information*, 407 F.Supp.2d 134 (D. D.C. 2006) (refusing the grant the DOJ cell site authority in the absence of probable cause). Under these circumstances, the interest in public disclosure is great.

At the same time, individuals who have actually been subject to federal prosecution have only a minimal privacy interest in preventing disclosure of the fact that they were prosecuted. This information is publicly available in court files. Indeed, this is the sort of information that United States Attorneys routinely release to the press. Unlike the public release of rap sheets, which can contain information about uncharged crimes and a single individual's entire criminal history, the information the ACLU seeks is substantially less personal. This is apparent from the scope of the ACLU's request, which seeks only docket numbers and case names of actually prosecuted cases, for the purpose of ascertaining the extent of the

government's warrantless tracking of the location of cell phones, and to inform individuals that they may have been subjected to unconstitutional surveillance.

The Freedom of Information Act requires you to respond within twenty working days. We look forward to your prompt response. If you have any questions, please contact me at 212-519-7806.

Sincerely,

Catherine Crump APP

Catherine Crump

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION