

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

Request Number: _07-4129_         Date of Receipt: _11/30/07_

Requester: _Catherine Crump_

Subject: _Mobile Phone Tracking (Item 1-4)_          JUN 19 2008

Dear Requester:

        In response to your Freedom of Information Act and/or Privacy Act
request, the paragraph(s) checked below apply:

1.  [  ]  A search for records located in this office has revealed no
          records.

2.  [ X]  search for records located in the United States
          Attorney's Office(s) for the _Eastern District of Louisiana_ has
          revealed no records.

3.  [X ]  See Continuation Sheet (attached).

4.  [  ]  The records which you have requested cannot be located.

5.  [ X]  This office is continuing its work on the other
          subject/districts mentioned in your request.

6.  [X ]  This is the final action my office will take on the above-
          numbered request.

        You may appeal my decision in this matter by writing within sixty
(60) days, to:

                Office of Information and Privacy
                United States Department of Justice
                1425 New York Avenue, Suite 11050
                Washington, D.C.  20530

        Both the envelope and the letter of appeal must be clearly marked
"Freedom of Information Act/Privacy Act Appeal."

        After the appeal has been decided, you may have judicial review
by filing a complaint in the United States District Court for the
judicial district in which you reside or have your principal place of
business; the judicial district in which the requested records, if any,
are located; or in the District of Columbia.

                                Sincerely,

                                William G. Stewart II
                                Assistant Director

                                           Form No. 005 - 3/02

Attachment P

Requester: Catherine Crump
FOIA #:    07-4129

**Continuation Sheet:**

Please note that your original letter have been split into sixteen separate files ('requests"), for processing purposes, depending on the nature of what you sought.  Each file will have a separate Request Number (listed below), for which you will receive a separate response: <u>07-4120 through 07-4138.</u>

This response is to FOIA No. 07-4129 only and does not include search results associated with the other requests listed above.





08-2354  70JA (A) EOUSA

July 22, 2008

OFFICE OF INFORMATION
AND PRIVACY

Office of Information and Privacy
United States Department of Justice
1425 New York Avenue, Suite 11050
Washington, D.C. 20530

JUL 2 5 2008

RECEIVED

**Re:  Freedom of Information Act / Privacy Act Appeal, No. 07–4129**

To Whom It May Concern:

The American Civil Liberties Union appeals the determinations made in your office's letter of May 28, 2008, regarding the ACLU's FOIA request, No. 07-4129. The request sought documents about the involvement of the United States Attorney's Office for the Eastern District of Louisiana in obtaining real-time information tracking the location of mobile phones without first securing a warrant based on probable cause.

The Eastern District of Louisiana asserts that a search revealed no responsive records. The ACLU challenges the thoroughness of the office's search. Under FOIA, "the agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby v. Department of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990).

The Eastern District of Louisiana has not established that its search was adequate. The office has provided no information about the methodology it used to search for records. The office's letter simply notes that no responsive records were found. As a result, the ACLU is unable to determine whether an inadequate search may have contributed to the office's conclusion that it has no responsive records.

Court decisions and media reports reveal that United States Attorneys' Offices around the country have sought court authorization to track the location of mobile phones and, by extension, their owners, without first obtaining a warrant based on probable cause.[1] It seems unlikely that the Eastern District of Louisiana

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
LEGAL DEPARTMENT
NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
F/212.549.2651
WWW.ACLU.ORG

OFFICERS AND DIRECTORS
NADINE STROSSEN
PRESIDENT

ANTHONY D. ROMERO
EXECUTIVE DIRECTOR

RICHARD ZACKS
TREASURER

---

[1] *See, e.g., In the Matter of the Application of the United States of America For an Order Authorizing the Installation And Use of a Pen Register and a Caller Identification System On Telephone Numbers [Sealed] and [sealed] and the Production of Real Time Cell Site Information*, 402 F. Supp.2d 597, 659 (D. Md. 2005); *In the Matter of an Application of the United States for an Order (1) Authorizing the Use of a Pen Register and a Trap and Trace Device and (2)*

Attachment Q

is not availing itself of this increasingly common law enforcement technique.  If the office states in writing that it has never sought court authorization to obtain real-time mobile phone tracking information except by seeking a warrant based on probable cause, then the ACLU will withdraw its FOIA request.  If the office *is* using this technique, then it is highly likely that the office has responsive documents.

As the law requires, we will anticipate your response to this administrative appeal within twenty (20) working days. Should you have any questions or require additional information, please feel free to contact Catherine Crump at (212) 519-7806.

Sincerely,

Catherine Crump

Catherine Crump  *App*
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
Tel: (212) 549-2500
Fax: (202) 452-1868

David L. Sobel
Electronic Frontier Foundation
1875 Connecticut Avenue, N.W., Suite 650
Washington, DC 20009
Tel: (202) 797-9009
Fax: (202) 797-9066

Arthur B. Spitzer
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, N.W., Suite 119
Washington, D.C. 20036
Tel: (202) 457-0800
Fax: (202) 452-1868

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

---

*Authorizing Release of Subscriber Information and/or Cell Site Information*, 384 F.Supp.2d 562 (EDNY 2005); Ellen Nakashima, *Cellphone Tracking Powers on Request*, Washington Post, Page A01, Nov. 23, 2007, available at http://www.washingtonpost.com/wpdyn/content/article/2007/11/22/AR20071122 01444.html?hpid=topnews.



Telephone: (202) 514-3642       Washington, D.C. 20530

**JUL 3 0 2008**

Catherine Crump, Esq
American Civil Liberties Union Foundation
18th Floor
125 Broad Street
New York, NY  10004-2400

     Re:  Request No. 07-4129

Dear Ms. Crump:

~~This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys was received by this Office on July 25, 2008.~~

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **08-2354**.  Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can.  We regret the necessity of this delay and appreciate your continued patience.

Sincerely,

Priscilla Jones
Supervisory Administrative Specialist

Attachment R





Telephone: (202) 514-3642          Washington, D.C. 20530

*RECEIVED*
*2008 OCT 31 PM 1:2*
*DEPT. OF JUSTICE/EOUSA*
*FOIA/PRIVACY STAFF*

**OCT 3 0 2008**

Catherine Crump, Esq.
American Civil Liberties Union Foundation
18th Floor                          Re:     Appeal No. 08-2354
125 Broad Street                            Request No. 07-4129
New York, NY 10004-2400                     ALB:CGG            *KMF*

Dear Ms. Crump:

You appealed from the action of the Executive Office for United States Attorneys (EOUSA) on your request for access to records in the Eastern District of Louisiana pertaining to the use of real-time tracking data obtained from mobile phones in federal prosecutions.

After carefully considering your appeal, I am affirming EOUSA's action on your request. EOUSA informed you that it could locate no records responsive to your request. I have determined that EOUSA's response was correct and that it conducted an adequate, reasonable search for records responsive to your request.

If you are dissatisfied with my action on your appeal, you may file a lawsuit in accordance with 5 U.S.C. § 552(a)(4)(B).

                              Sincerely,

                              *Brenda V. Earth*

                              Janice Galli McLeod
                              Associate Director

*EOUSA*

Attachment 5



U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

Requester:   Catherine Crump                                    Request Number:   07-4129

Subject of Request: Mobile Phone Tracking (Item 1-4)/LAE

Dear Requester:                                                                           NOV 25 2008

     Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a supplemental reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices. To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

    The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act, 28 C.F.R. § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter constitutes a partial denial.

    Enclosed please find:

    __45__   page(s) are being released in full (RIF);
    __1__   page(s) are being released in part (RIP);
    __5__   page(s) are withheld in full (WIF). **The withheld documents were reviewed to determine if any information could be segregated for release.**

    The enclosed material is responsive to item number one (1) of your request, with the exception of one electronic communication which is responsive to item number two (2) of your request. The EOUSA is also asserting Exemption 5, the deliberative process privilege, to withhold in full certain information on behalf of the Criminal Division. The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

<table>
<tr><td colspan="3"><u>Section 552</u></td><td><u>Section 552a</u></td></tr>
<tr><td>[ ] (b)(1)</td><td>[ ] (b)(4)</td><td>[ ] (b)(7)(B)</td><td>[ X ] (j)(2)</td></tr>
<tr><td>[ ] (b)(2)</td><td>[ X ] (b)(5)</td><td>[ ] (b)(7)(C)</td><td>[ ] (k)(2)</td></tr>
<tr><td>[ ] (b)(3)</td><td>[ ] (b)(6)</td><td>[ ] (b)(7)(D)</td><td>[ ] (k)(5)</td></tr>
<tr><td>_____</td><td>[ ] (b)(7)(A)</td><td>[ ] (b)(7)(E)</td><td>[ ] _____</td></tr>
<tr><td>_____</td><td></td><td>[ ] (b)(7)(F)</td><td></td></tr>
</table>

Attachment T

Although I am aware that this request is the subject of ongoing litigation and that appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you that if you consider my response to be a denial of your request, you have the right to file an administrative appeal by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**. In light of the fact that this is an interim response, I would ask that you wait until the EOUSA has issued its final response in this request before you file an appeal.

Sincerely,

*Karen McFinnegan for*

William G. Stewart II
Assistant Director

Enclosure(s)



U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

Requester:__Catherine Crump__                    Request Number:__07-4129__

Subject of Request:_Mobile Phone Tracking (Items 3-5)/LAE_

JAN - 7 2009

Dear Requester:

    This is in further response to your Freedom of Information Act request. This letter constitutes a final reply from the Executive Office for United States Attorneys ("EOUSA") in this request. To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes. The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act, 28 C.F.R. § 16.81. We have also processed your request under the Freedom of Information Act.

    The United States Attorneys Office for the Eastern District of Louisiana ("USAO LAE") has completed a search for information responsive to your request, the terms of which are outlined in Defendant's Scheduling Report. The Court approved the search criteria contained in the Defendant's Scheduling Report on November 20, 2008. The results of that search found that with regard to item number four (4) of your request, the USAO LAE did not locate a compilation showing the number of times the government has applied for a court order based on less than probable cause, authorizing it to obtain mobile phone location information. After canvassing the Criminal Division Assistant U.S. Attorneys, the USAO LAE identified two cases, on or after September 12, 2001, in which the Court granted the government's application to permit it to obtain mobile phone location information without making a judicial finding of probable cause. This search also found that no applications were granted after November 16, 2007, to permit the government to obtain GPS or similarly precise location data on target cell phones without a judicial determination of probable cause. With regard to item number five (5) of your request, the EOUSA is withholding in its entirety all of the responsive information identified as a result of the search conducted by the USAO LAE. The exemption(s) cited for withholding this information are marked below. The USAO LAE also found no records responsive to item number three (3) of your request.

|  | Section 552 |  |  | Section 552a |
|---|---|---|---|---|
| [   ] (b)(1) | [   ] (b)(4) | [   ] (b)(7)(B) |  | [ X ] (j)(2) |
| [   ] (b)(2) | [   ] (b)(5) | [ X ] (b)(7)(C) |  | [   ] (k)(2) |
| [   ] (b)(3) | [   ] (b)(6) | [   ] (b)(7)(D) |  | [   ] (k)(5) |
|  | [   ] (b)(7)(A) | [   ] (b)(7)(E) |  | [   ] _____ |
| _____ |  | [   ] (b)(7)(F) |  |  |
| _____ | _____ |  |  |  |

    Although I am aware that this request is the subject of ongoing litigation and that appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you that if you consider my response to be a denial of your request, you have the right to file an administrative

Attachment U

appeal by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**.

Sincerely,

William G. Stewart II
Assistant Director

---

Requester:   Catherine Crump                          Request Number:   07-4130

Subject of Request: Mobile Phone Tracking (Item 1-4)

Dear Requester:                                                                AUG  12  2008

     Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes an interim reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices. To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

     The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act, 28 C.F.R. § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [ **X** ] partial [  ] full denial.

     Enclosed please find:

  37   page(s) are being released in full (RIF);
  2   page(s) are being released in part (RIP);
_____ page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

     The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

     Section 552                                                        Section 552a

[  ] (b)(1)    [  ] (b)(4)    [  ] (b)(7)(B)      [ **X** ] (j)(2)
[  ] (b)(2)    [ **X** ] (b)(5)    [  ] (b)(7)(C)      [  ] (k)(2)
[  ] (b)(3)    [  ] (b)(6)    [  ] (b)(7)(D)      [  ] (k)(5)
_____    [  ] (b)(7)(A)    [ **X** ] (b)(7)(E)      [  ] _____
_____                [  ] (b)(7)(F)

(Page 1 of 2)

Attachment   V



U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

**Second Interim Reply**

Requester:  Catherine Crump          Request Number:  07-4130

Subject of Request:  Mobile Phone Tracking (Item 1-4)/LAM

Dear Requester:                                          SEP – 4 2008

    Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a **second interim reply** from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices. To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

    The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act, 28 C.F.R. § 16.81. We have also processed your request under the Freedom of Information Act.

    This letter constitutes a partial release of material, which is responsive to item number one of your request. EOUSA reviewed the withheld material to determine if any information could be segregated for release.

    Enclosed please find:

_____ page(s) are being released in full (RIF);

\_\_\_1\_\_\_ page(s) are being released in part (RIP);

\_\_153\_\_ page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

    The exemption(s) cited for withholding records are marked below. An enclosure to this letter explains the exemptions in more detail. EOUSA is also asserting Exemption b5, the deliberative process privilege, to withhold certain information on behalf of the Department of Justice, Criminal Division.

| Section 552 | | | Section 552a |
|---|---|---|---|
| [ ] (b)(1) | [ ] (b)(4) | [ ] (b)(7)(B) | [ X ] (j)(2) |
| [ ] (b)(2) | [ X ] (b)(5) | [ X ] (b)(7)(C) | [ ] (k)(2) |
| [ ] (b)(3) | [ ] (b)(6) | [ ] (b)(7)(D) | [ ] (k)(5) |
| _____ | [ ] (b)(7)(A) | [ X ] (b)(7)(E) | [ ] _____ |
| _____ | | [ ] (b)(7)(F) | |

Attachment W

Although I am aware that this request is the subject of ongoing litigation and that appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you that if you consider my response to be a denial of your request, you have the right to file an administrative appeal by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**. In light of the fact that this is an interim response, I would ask that you wait until the EOUSA has issued its final response in this request before you file an appeal.

Sincerely,

William G. Stewart II
Assistant Director

Enclosure(s)

**Continuation Sheet:**

Please note that your original letter has been split into nineteen separate files ('requests"), for processing purposes, depending on the nature of what you sought. Each file will have a separate Request Number (listed below), for which you will receive a separate response: <u>07-4120 through 07-4138.</u>

This response is to FOIA No. 07-4130 only and does not include search results associated with the other requests listed above.



U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

Requester:  Catherine Crump                          Request Number:  07-4130

Subject of Request: Mobile Phone Tracking (Item 1-4)/LAM

Dear Requester:                                                   SEP 1 6 2008

     Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a third interim reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices. To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

    The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act, 28 C.F.R. § 16.81. We have also processed your request under the Freedom of Information Act. This letter constitutes a partial denial. The enclosed material is responsive to category one of your request.

    Enclosed please find:

    __63__ page(s) are being released in full (RIF);
    __0__ page(s) are being released in part (RIP);
    __4__ page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

    The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail. The EOUSA is also asserting Exemptions 5 and 7(C) on behalf of the United States Marshals Service to withhold certain information that originated with that agency.

| Section 552 | | | Section 552a |
|---|---|---|---|
| [ ] (b)(1) | [ ] (b)(4) | [ ] (b)(7)(B) | [ X ] (j)(2) |
| [ ] (b)(2) | [ X ] (b)(5) | [ X ] (b)(7)(C) | [ ] (k)(2) |
| [ ] (b)(3) | [ ] (b)(6) | [ ] (b)(7)(D) | [ ] (k)(5) |
| _____ | [ ] (b)(7)(A) | [ ] (b)(7)(E) | [ ] _____ |
| _____ | | [ ] (b)(7)(F) | |

Attachment X

Although I am aware that this request is the subject of ongoing litigation and that appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you that if you consider my response to be a denial of your request, you have the right to file an administrative appeal by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**. In light of the fact that this is an interim response, I would ask that you wait until the EOUSA has issued its final response in this request before you file an appeal.

Sincerely,

Karen M. Finnegan for

William G. Stewart II
Assistant Director

Enclosure(s)



U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

Requester:  Catherine Crump                    Request Number:  07-4130

Subject of Request:  Mobile Phone Tracking (Items 3-5)/LAM

DEC 3 1 2008

Dear Requester:

    This is in further response to your Freedom of Information Act request. This letter constitutes a final reply from the Executive Office for United States Attorneys ("EOUSA") in the request. To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes. The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act, 28 C.F.R. § 16.81. We have also processed your request under the Freedom of Information Act.

    The United States Attorneys Office for the Middle District of Louisiana ("USAO LAM") has completed a search for information responsive to your request, the terms of which are outlined in Defendant's Scheduling Report. The Court approved the search criteria contained in the Defendant's Scheduling Report on November 20, 2008. The results of that search found that with regard to item number four (4) of your request, the USAO LAM did not locate a compilation showing the number of times the government has applied for a court order based on less than probable cause, authorizing it to obtain mobile phone location information. However, after canvassing the Criminal Division Assistant U.S. Attorneys, the USAO LAM identified seven (7) cases, on or after September 12, 2001, in which the Court granted the government's application to permit it to obtain mobile phone location information without making a judicial finding of probable cause. This search also found that no applications were granted after November 16, 2007, to permit the government to obtain GPS or similarly precise location data on target cell phones without a judicial determination of probable cause. Certain of the identified cases are subject to court seals that prohibit disclosure. With regard to item number five (5) of your request, the EOUSA is withholding in its entirety all of the responsive information identified as a result of the search conducted by the USAO LAM. The exemption(s) cited for withholding this information are marked below. The USAO LAM found no records responsive to item number three (3) of your request.

| Section 552 | | | Section 552a |
|---|---|---|---|
| [  ] (b)(1) | [  ] (b)(4) | [  ] (b)(7)(B) | [ X ] (j)(2) |
| [  ] (b)(2) | [  ] (b)(5) | [ X ] (b)(7)(C) | [  ] (k)(2) |
| [  ] (b)(3) | [  ] (b)(6) | [  ] (b)(7)(D) | [  ] (k)(5) |
| _____ | [ X ] (b)(7)(A) | [  ] (b)(7)(E) | [  ] _____ |
| _____ | | [  ] (b)(7)(F) | |

    Although I am aware that this request is the subject of ongoing litigation and that appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you that if you consider my response to be a denial of your request, you have the right to file an administrative

Attachment   Y

appeal by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**.

Sincerely,

William G. Stewart II
Assistant Director

Enclosure(s)



U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

Request Number: __07-4130__

Requester: __Catherine Crump__

Subject of Request: __Mobile Phone Tracking (Item 1-4)/LAM__     MAY 1 4 2009

Dear Requester:

Your request for records under the Freedom of Information Act/Privacy Act was processed several months ago; however, additional material has been located. This letter constitutes a supplemental reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act, 28 C.F.R. § 16.81. We have also processed your request under the Freedom of Information Act. This letter constitutes a partial denial. The enclosed material, consisting of 70 pages, is responsive to category one of your request.

Enclosed please find:

__27__ page(s) are being released in full (RIF);
__43__ page(s) are being released in part (RIP);
__1__ page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

The withheld information is not appropriate for discretionary release. The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

Section 552a

Section 552

| [ ] (b)(1) | [ ] (b)(4) | [ ] (b)(7)(B) | [ X ] (j)(2) |
| [ X ] (b)(2) | [ ] (b)(5) | [ ] (b)(7)(C) | [ ] (k)(2) |
| [ ] (b)(3) | [ ] (b)(6) | [ ] (b)(7)(D) | [ ] (k)(5) |
|  | [ ] (b)(7)(A) | [ X ] (b)(7)(E) | [ ] _____ |
|  |  | [ ] (b)(7)(F) |  |

Although I am aware that this request is the subject of ongoing litigation and that appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you that if you consider my response to be a denial of your request, you have the right to file an administrative appeal by writing within 60 days from the date of this letter to the **Office of Information Policy,**

Attachment Z

**United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.** In light of the fact that this is an interim response, I would ask that you wait until the EOUSA has issued its final response in this request before you file an appeal.

Sincerely,

*Karen M. Finnegan for*

William G. Stewart II
Assistant Director

Enclosure(s)



U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

Request Number: _07-4132_____      Date of Receipt: _11/30/07_

Requester: _Catherine Crump_____

Subject: _Mobile Phone Tracking (Item 1-4)_____

Dear Requester:

    In response to your Freedom of Information Act and/or Privacy Act ~~JUN 19 2008~~
request, the paragraph(s) checked below apply:

1. [   ]   A search for records located in this office has revealed no
    records.

2. [ X]   search for records located in the United States
    Attorney's Office(s) for the _District of New Jersey_ has
    revealed no records.

3. [X ]   See Continuation Sheet (attached).

4. [   ]   The records which you have requested cannot be located.

5. [ X]   This office is continuing its work on the other
    subject/districts mentioned in your request.

6. [X ]   This is the final action my office will take on the above-
    numbered request.


    You may appeal my decision in this matter by writing within sixty
(60) days, to:

Office of Information and Privacy
United States Department of Justice
1425 New York Avenue, Suite 11050
Washington, D.C. 20530

    Both the envelope and the letter of appeal must be clearly marked
"Freedom of Information Act/Privacy Act Appeal."

    After the appeal has been decided, you may have judicial review
by filing a complaint in the United States District Court for the
judicial district in which you reside or have your principal place of
business; the judicial district in which the requested records, if any,
are located; or in the District of Columbia.

Sincerely,

William G. Stewart II
Assistant Director

Form No. 005 - 3/02

Attachment A A

**Requester: Catherine Crump**
**FOIA #:    07-4132**

**Continuation Sheet:**

Please note that your original letter has been split into sixteen separate files ('requests"), for processing purposes, depending on the nature of what you sought.  Each file will have a separate Request Number (listed below), for which you will receive a separate response: <u>07-4120 through 07-4138.</u>

This response is to FOIA No. 07-4132 only and does not include search results associated with the other requests listed above.





08-2355  7OIA
(A)
EOUSA

July 22, 2008

Office of Information and Privacy
United States Department of Justice
1425 New York Avenue, Suite 11050
Washington, D.C. 20530

OFFICE OF INFORMATION
AND PRIVACY

**JUL 2 5 2008**

**RECEIVED**

**Re:  Freedom of Information Act / Privacy Act Appeal, No. 07-4132**

To Whom It May Concern:

    The American Civil Liberties Union appeals the determinations made in your office's letter of May 28, 2008, regarding the ACLU's FOIA request, No. 07-4132. The request sought documents about the involvement of the United States Attorney's Office for the District of New Jersey in obtaining real-time information tracking the location of mobile phones without first securing a warrant based on probable cause.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
LEGAL DEPARTMENT
NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
F/212.549.2651
WWW.ACLU.ORG

OFFICERS AND DIRECTORS
NADINE STROSSEN
PRESIDENT

ANTHONY D. ROMERO
EXECUTIVE DIRECTOR

RICHARD ZACKS
TREASURER

    The District of New Jersey asserts that a search revealed no responsive records.  The ACLU challenges the thoroughness of the office's search.  Under FOIA, "the agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."  Oglesby v. Department of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990).

    The District of New Jersey has not established that its search was adequate.  The office has provided no information about the methodology it used to search for records.  The office's letter simply notes that no responsive records were found.  As a result, the ACLU is unable to determine whether an inadequate search may have contributed to the office's conclusion that it has no responsive records.

    Court decisions and media reports reveal that United States Attorneys' Offices around the country have sought court authorization to track the location of mobile phones and, by extension, their owners, without first obtaining a warrant based on probable cause.[1]  It seems unlikely that the District of New Jersey is not

---

[1] *See, e.g., In the Matter of the Application of the United States of America For an Order Authorizing the Installation And Use of a Pen Register and a Caller Identification System On Telephone Numbers [Sealed] and [sealed] and the Production of Real Time Cell Site Information*, 402 F. Supp.2d 597, 659 (D. Md. 2005); *In the Matter of an Application of the United States for an Order (1) Authorizing the Use of a Pen Register and a Trap and Trace Device and (2)*

Attachment BB

availing itself of this increasingly common law enforcement technique. If the office states in writing that it has never sought court authorization to obtain real-time mobile phone tracking information except by seeking a warrant based on probable cause, then the ACLU will withdraw its FOIA request. If the office *is* using this technique, then it is highly likely that the office has responsive documents.

As the law requires, we will anticipate your response to this administrative appeal within twenty (20) working days. Should you have any questions or require additional information, please feel free to contact Catherine Crump at (212) 519-7806.

Sincerely,

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

Catherine Crump /App
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
Tel: (212) 549-2500
Fax: (202) 452-1868

David L. Sobel
Electronic Frontier Foundation
1875 Connecticut Avenue, N.W., Suite 650
Washington, DC 20009
Tel: (202) 797-9009
Fax: (202) 797-9066

Arthur B. Spitzer
American Civil Liberties Union
 of the National Capital Area
1400 20th Street, N.W., Suite 119
Washington, D.C. 20036
Tel: (202) 457-0800
Fax: (202) 452-1868

*Authorizing Release of Subscriber Information and/or Cell Site Information*, 384 F.Supp.2d 562 (EDNY 2005); Ellen Nakashima, *Cellphone Tracking Powers on Request*, Washington Post, Page A01, Nov. 23, 2007, available at http://www.washingtonpost.com/wpdyn/content/article/2007/11/22/AR2007112201444.html?hpid=topnews.



U.S. Department of Justice

Office of Information and Privacy

RECEIVED
2008 JUL 31 PM 12 31
FOIA

Telephone: (202) 514-3642

Washington, D.C. 20530

JUL 3 0 2008

Catherine Crump, Esq
American Civil Liberties Union Foundation
18th Floor
125 Broad Street
New York, NY 10004-2400

      Re: Request No.07-4132

Dear Ms. Crump:

      This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys was received by this Office on July 25, 2008.

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **08-2355**. Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can. We regret the necessity of this delay and appreciate your continued patience.

                                          Sincerely,

                                          Priscilla Jones
                                          Supervisory Administrative Specialist

Attachment CC

EOUSA



SEP 22 2008

Catherine Crump, Esq.
American Civil Liberties Union Foundation
18th Floor                              Re:    Appeal No. 08-2355
125 Broad Street                              Request No. 07-4132
New York, NY 10004-2400                       KAH:CGG    KMF

Dear Ms. Crump:

You appealed from the action of the Executive Office for United States Attorneys (EOUSA) on your request for access to records pertaining to the use of real-time tracking data obtained from mobile phones in federal prosecutions.

After carefully considering your appeal, I am affirming EOUSA's action on your request. EOUSA informed you that it could locate no records responsive to your request. Subsequent to your appeal, EOUSA conducted another search for records responsive to your request. No responsive records were located as a result of this second search. I have determined that EOUSA's response was correct and that it conducted an adequate, reasonable search for records responsive to your request.

If you are dissatisfied with my action on your appeal, you may file a lawsuit in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director

Attachment DD



**U.S. Department of Justice**

Executive Office for United States Attorneys
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757  FAX: 616-6478  (www.usdoj.gov/usao)*

Requester:___Catherine Crump_____     Request Number:___07-4132_____

Subject of Request:_Mobile Phone Tracking (Items 1-4)/DNJ_____

Dear Requester:                                                         OCT 1 5 2008

     Your request for records under the Freedom of Information Act was processed some months ago. This letter constitutes a supplemental reply from the Executive Office for United States Attorneys, the official recordkeeper for all records located in this office and the various United States Attorney's offices. The United States Attorney's Office for the District of New Jersey conducted a second search for records responsive to item number one of your request and located 32 pages of material. On one page of the enclosed material, certain information is marked "non-responsive." This material pertains to internal discussions regarding the processing of your request and is not responsive to your request for specific information pertaining to mobile phone location.

     Enclosed please find:

___1___  page(s) are available to be released in full (RIF);
___1___  page(s) are available to be released in part (RIP);
___30__  page(s) are withheld in full (WIF). **The withheld documents were reviewed to determine if any information could be segregated for release.**

     The exemption(s) cited for withholding information are marked below. An enclosure to this letter explains the exemptions in more detail.

| Section 552 | | | Section 552a |
|---|---|---|---|
| [ ] (b)(1) | [ ] (b)(4) | [ ] (b)(7)(B) | [ **X** ] (j)(2) |
| [ ] (b)(2) | [ **X** ] (b)(5) | [ **X** ] (b)(7)(C) | [ ] (k)(2) |
| [ ] (b)(3) | [ ] (b)(6) | [ ] (b)(7)(D) | [ ] (k)(5) |
| _____ | [ ] (b)(7)(A) | [ **X** ] (b)(7)(E) | [ ] _____ |
| _____ | | [ ] (b)(7)(F) | |

     Although I am aware that this request is the subject of ongoing litigation and that appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you that if you consider my response to be a denial of your request, you have the right to file an

Attachment EE

administrative appeal by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C.**

Sincerely,


William G. Stewart II
Assistant Director


Enclosure(s)



U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

Requester:  Catherine Crump                    Request Number:  07-41 32

Subject of Request: Mobile Phone Tracking (Item 1-4)/DNJ

NOV 2 4 2008

Dear Requester:

     Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a second supplemental reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices. To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

     The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act, 28 C.F.R. § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter constitutes a partial denial.

     Enclosed please find:

  __0__ page(s) is/are being released in full (RIF);
  __1__ page(s) is/are being released in part (RIP);
  __31__ page(s) is/are withheld in full (WIF). **The withheld documents were reviewed to determine if any information could be segregated for release.**

     This material is responsive to item number one (1) of your request. The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail. The EOUSA is also asserting Exemption 5, the deliberative process privilege, to withhold certain information on behalf of the Criminal Division.

|  | Section 552 |  | Section 552a |
|---|---|---|---|
| [ ] (b)(1) | [ ] (b)(4) | [ ] (b)(7)(B) | [ X ] (j)(2) |
| [ ] (b)(2) | [ X ] (b)(5) | [ ] (b)(7)(C) | [ ] (k)(2) |
| [ ] (b)(3) | [ ] (b)(6) | [ ] (b)(7)(D) | [ ] (k)(5) |
| _____ | [ ] (b)(7)(A) | [ ] (b)(7)(E) | [ ] _____ |
| _____ |  | [ X ] (b)(7)(F) |  |

Attachment FF

Although I am aware that this request is the subject of ongoing litigation and that appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you that if you consider my response to be a denial of your request, you have the right to file an administrative appeal by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**. In light of the fact that this is an interim response, I would ask that you wait until the EOUSA has issued its final response in this request before you file an appeal.

Sincerely,

Karen M. Finnegan for

William G. Stewart II
Assistant Director

Enclosure(s)



U.S. Departme ͡ f Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

Requester:___Catherine Crump_____Request Number:___07-4132_____

Subject of Request:_Mobile Phone Tracking (Items 3-5)/DNJ_____

Dear Requester:

DEC 3 1 2008

     This is in further response to your request for records under the Freedom of Information Act. This letter constitutes a final reply from the Executive Office for United States Attorneys ("EOUSA") in this request. To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes. The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act, 28 C.F.R. § 16.81.

     The United States Attorneys Office for the District of New Jersey ("USAO DNJ") completed a search with regard to items 3-5 of your request, the terms of which are outlined in Defendant's Scheduling Report. The Court approved the search criteria contained in the Defendant's Scheduling Report on November 20, 2008. The results of that search found that with regard to item number four (4) of your request, the USAO DNJ did not locate a compilation showing the number of times the government has applied for a court order based on less than probable cause, authorizing it to obtain mobile phone location information. However, after canvassing the Criminal Division Assistant U.S. Attorneys, the USAO DNJ identified seventy-nine (79) cases, on or after September 12, 2001, in which the Court granted the government's application to permit it to obtain mobile phone location information without making a judicial finding of probable cause. The USAO DNJ determined that sixty-six (66) of these cases resulted in a criminal prosecution. This search also found that nineteen (19) applications were granted after November 16, 2007, to permit the government to obtain GPS or similarly precise location data on target cell phones without a judicial determination of probable cause. Seventeen (17) of these cases resulted in a criminal prosecution. The USAO DNJ also advised that two of the identified cases remain under a court seal that prohibits disclosure.

     With regard to item number five (5) of your request, the EOUSA is withholding in its entirety all of the responsive information identified as a result of the search conducted by the USAO DNJ. The exemption(s) cited for withholding this information are marked below. The USAO DNJ found no records responsive to item number three (3) of your request. With regard to EOUSA's letter dated November 24, 2008, please note that Exemption (b)(7)(F) was marked in error. EOUSA intended to assert Exemption (b)(7)(E) to withhold certain information contained in the material that was withheld in its entirety.

*Attachment GG*

| [  ] (b)(1) | [  ] (b)(4) | [  ] (b)(7)(B) | [ **X** ] (j)(2) |
| [  ] (b)(2) | [  ] (b)(5) | [ **X** ] (b)(7)(C) | [  ] (k)(2) |
| [  ] (b)(3) | [  ] (b)(6) | [  ] (b)(7)(D) | [  ] (k)(5) |
| _____ | [ **X** ] (b)(7)(A) | [  ] (b)(7)(E) | [  ] _____ |
| _____ |  | [  ] (b)(7)(F) |  |

     Although I am aware that this request is the subject of ongoing litigation and that appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you that if you consider my response to be a denial of your request, you have the right to file an administrative appeal by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**. In light of the fact that this is an interim response, I would ask that you wait until the EOUSA has issued its final response in this request before you file an appeal.

Sincerely,

William G. Stewart II
Assistant Director

Enclosure(s)



U.S. Departr    t of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C.  20530
202-616-6757   Fax 202-616-6478

Request Number: __07-4135_____          Date of Receipt: __11/30/07__

Requester: _Catherine Crump_____

Subject: _Mobile Phone Tracking  (Item 1-4)_____

MAY 28 2008

Dear Requester:

    In response to your Freedom of Information Act and/or Privacy Act
request, the paragraph(s) checked below apply:

1.    [  ]    A search for records located in this office has revealed no
             records.

2.    [ X]    search for records located in the United States
             Attorney's Office(s) for the _Southern District of Florida_ has
             revealed no records.

3.    [X ]    See Continuation Sheet (attached).

4.    [  ]    The records which you have requested cannot be located.

5.    [ X]    This office is continuing its work on the other
             subject/districts mentioned in your request.

6.    [X ]    This is the final action my office will take on the above-
             numbered request.


    You may appeal my decision in this matter by writing within sixty
(60) days, to:

                Office of Information and Privacy
                United States Department of Justice
                1425 New York Avenue, Suite 11050
                Washington, D.C.   20530

    Both the envelope and the letter of appeal must be clearly marked
"Freedom of Information Act/Privacy Act Appeal."

    After the appeal has been decided, you may have judicial review
by filing a complaint in the United States District Court for the
judicial district in which you reside or have your principal place of
business; the judicial district in which the requested records, if any,
are located; or in the District of Columbia.

                            Sincerely,

                            William G. Stewart II
                            Assistant Director

                                            Form No. 005 - 3/02


Attachment  H H

**Requester: Catherine Crump**
**FOIA #:    07-4135**

**Continuation Sheet:**

Please note that your original letter have been split into sixteen separate files ('requests'), for processing purposes, depending on the nature of what you sought.  Each file will have a separate Request Number (listed below), for which you will receive a separate response: <u>07-4120 through 07-4138.</u>

This response is to FOIA No. 07-4135 only and does not include search results associated with the other requests listed above.



08-2356 7OIA
(A)
EOUSA

OFFICE OF INFORMATION
AND PRIVACY

JUL 2 5 2008

RECEIVED

July 22, 2008

Office of Information and Privacy
United States Department of Justice
1425 New York Avenue, Suite 11050
Washington, D.C. 20530

**Re:** **Freedom of Information Act / Privacy Act Appeal, No. 07-4135**

To Whom It May Concern:

The American Civil Liberties Union appeals the determinations made in your office's letter of May 28, 2008, regarding the ACLU's FOIA request, No. 07-4135. The request sought documents about the involvement of the United States Attorney's Office for the Southern District of Florida in obtaining real-time information tracking the location of mobile phones without first securing a warrant based on probable cause.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
LEGAL DEPARTMENT
NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
F/212.549.2651
WWW.ACLU.ORG

OFFICERS AND DIRECTORS
NADINE STROSSEN
*PRESIDENT*

ANTHONY D. ROMERO
*EXECUTIVE DIRECTOR*

RICHARD ZACKS
*TREASURER*

The Southern District of Florida asserts that a search revealed no responsive records. The ACLU challenges the thoroughness of the office's search. Under FOIA, "the agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby v. Department of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990).

The Southern District of Florida has not established that its search was adequate. The office has provided no information about the methodology it used to search for records. The office's letter simply notes that no responsive records were found. As a result, the ACLU is unable to determine whether an inadequate search may have contributed to the office's conclusion that it has no responsive records.

Court decisions and media reports reveal that United States Attorneys' Offices around the country have sought court authorization to track the location of mobile phones and, by extension, their owners, without first obtaining a warrant based on probable cause.[1] It seems unlikely that the Southern District of Florida

---

[1] *See, e.g., In the Matter of the Application of the United States of America For an Order Authorizing the Installation And Use of a Pen Register and a Caller Identification System On Telephone Numbers [Sealed] and [sealed] and the Production of Real Time Cell Site Information*, 402 F. Supp.2d 597, 659 (D. Md. 2005); *In the Matter of an Application of the United States for an Order (1) Authorizing the Use of a Pen Register and a Trap and Trace Device and (2)*

*Attachment II*

is not availing itself of this increasingly common law enforcement technique. If the office states in writing that it has never sought court authorization to obtain real-time mobile phone tracking information except by seeking a warrant based on probable cause, then the ACLU will withdraw its FOIA request. If the office *is* using this technique, then it is highly likely that the office has responsive documents.

As the law requires, we will anticipate your response to this administrative appeal within twenty (20) working days. Should you have any questions or require additional information, please feel free to contact Catherine Crump at (212) 519-7806.

Sincerely,

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

Catherine Crump AHP
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
Tel: (212) 549-2500
Fax: (202) 452-1868

David L. Sobel
Electronic Frontier Foundation
1875 Connecticut Avenue, N.W., Suite 650
Washington, DC 20009
Tel: (202) 797-9009
Fax: (202) 797-9066

Arthur B. Spitzer
American Civil Liberties Union
 of the National Capital Area
1400 20th Street, N.W., Suite 119
Washington, D.C. 20036
Tel: (202) 457-0800
Fax: (202) 452-1868

---

*Authorizing Release of Subscriber Information and/or Cell Site Information*, 384 F.Supp.2d 562 (EDNY 2005); Ellen Nakashima, *Cellphone Tracking Powers on Request*, Washington Post, Page A01, Nov. 23, 2007, available at http://www.washingtonpost.com/wpdyn/content/article/2007/11/22/AR20071122 01444.html?hpid=topnews.




_Telephone: (202) 514-3642_                         _Washington, D.C. 20530_

JUL 3 0 2008

Catherine Crump, Esq
American Civil Liberties Union Foundation
18th Floor
125 Broad Street
New York, NY 10004-2400

        Re: Request No. 07-4135   05 5/08

Dear Ms. Crump:

~~This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys was received by this Office on July 25, 2008.~~

        The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **08-2356**. Please mention this number in any future correspondence to this Office regarding this matter.

        We will notify you of the decision on your appeal as soon as we can. We regret the necessity of this delay and appreciate your continued patience.

                        Sincerely,

                        Priscilla Jones
                        Supervisory Administrative Specialist

Attachment JJ

F NUSA



**U.S. Department of Justice**

Office of Information and Privacy



RECEIVED
2008 SEP 11 PM 2:28
DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

Telephone: (202) 514-3642          Washington, D.C. 20530

SEP 11 2008

Catherine Crump, Esq.
American Civil Liberties Union Foundation
18th Floor                          Re:    Appeal No. 08-2356
125 Broad Street                           Request No. 07-4135
New York, NY 10004-2400                     ALB:CGG    *KMF*

Dear Ms. Crump:

You appealed from the action of the Executive Office for United States Attorneys (EOUSA) on your request for access to records pertaining to the use of real-time tracking data obtained from mobile phones in federal prosecutions.

After carefully considering your appeal, I am affirming EOUSA's action on your request. EOUSA informed you that it could locate no records responsive to your request. Subsequent to your appeal, EOUSA conducted another search for records responsive to your request. No responsive records were located as a result of this second search. I have determined that EOUSA's response was correct and that it conducted an adequate, reasonable search for records responsive to your request.

If you are dissatisfied with my action on your appeal, you may file a lawsuit in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director

*EOUSA*

*Attachment K K*



U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

Requester:  Catherine Crump                          Request Number:  07-4135

Subject of Request: Mobile Phone Tracking (Items 3-5)/FLS

DEC 3 1 2008

Dear Requester:

     This is in further response to your Freedom of Information Act request.  This letter constitutes a final reply from the Executive Office for United States Attorneys ("EOUSA") in this request.  To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.  The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act, 28 C.F.R. § 16.81.  We have also processed your request under the Freedom of Information Act.

     The United States Attorneys Office for the Southern District of Florida ("USAO FLS") has completed a search for information responsive to your request, the terms of which are outlined in Defendant's Scheduling Report.  The Court approved the search criteria contained in the Defendant's Scheduling Report on November 20, 2008.  The results of that search found that with regard to item number four (4) of your request, the USAO FLS did not locate a compilation showing the number of times the government has applied for a court order based on less than probable cause, authorizing it to obtain mobile phone location information.  However, after canvassing the Criminal Division Assistant U.S. Attorneys, the USAO FLS identified fifty-seven (57) cases (some with multiple defendants), on or after September 12, 2001, in which the Court granted the government's application to permit it to obtain mobile phone location information without making a judicial finding of probable cause.  This search also found that six (6) applications were granted after November 16, 2007, to permit the government to obtain GPS or similarly precise location data on target cell phones without a judicial determination of probable cause.  Certain of the identified cases are subject to court seals that prohibit disclosure.  With regard to item number five (5) of your request, the EOUSA is withholding in its entirety all of the responsive information identified as a result of the search conducted by the USAO FLS.  The exemption(s) cited for withholding this information are marked below.  The USAO FLS found no records responsive to item number three (3) of your request.

|  | Section 552 |  |  | Section 552a |
|---|---|---|---|---|
| [  ] (b)(1) | [  ] (b)(4) | [  ] (b)(7)(B) | | [ X ] (j)(2) |
| [  ] (b)(2) | [  ] (b)(5) | [ X ] (b)(7)(C) | | [  ] (k)(2) |
| [  ] (b)(3) | [  ] (b)(6) | [  ] (b)(7)(D) | | [  ] (k)(5) |
| _____ | [ X ] (b)(7)(A) | [  ] (b)(7)(E) | | [  ] _____ |
| _____ | | [  ] (b)(7)(F) | | |

Attachment L L

Although I am aware that this request is the subject of ongoing litigation and that appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you that if you consider my response to be a denial of your request, you have the right to file an administrative appeal by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**.

Sincerely,

*Karen M. Finnegan for*

William G. Stewart II
Assistant Director

Enclosure(s)



**U.S. Department of Justice**

Executive Office for United States Attorneys

(202) 616-6757  FAX: 616-6478  (www.usdoj.gov/usao)

Freedom of Information & Privacy Staff

600 E Street, N.W., Suite 7300
Washington, DC 20530

Name of Requester: Catherine Crump

EOUSA Request No.: 07-4136

JAN 24 2008

Subject of Request: Mobile Phone Tracking (Items 1-4, District of Nevada)

Dear Ms. Crump:

This will supplement our December 7, 2007 acknowledgment of your request, dated November 29, 2007 (and received in our office on November 30, 2007). As we noted at the time, your request was split into 3 separate files for searches conducted in 3 individual component offices of the Executive Office for U.S. Attorneys and 15 additional separate files for 15 U.S. Attorneys Offices which are being searched. This letter pertains only to the search in the District of Nevada, which was assigned the above-referenced tracking number, except for the fee waiver determinations discussed below, which apply to the entire request.

### Fee Waiver or Reduction

Your November 29 letter contained no specific fee commitment, but rather sought a fee waiver or reduction. For the reasons set out below, no fee waiver or reduction is appropriate in this case, and FOIA search and duplication fees will apply to any further processing.

### Fee Reduction – Media Status

Your request contends (at page 3) that "[a]s a 'representative of the news media,' the ACLU fits within th[e] statutory and regulatory mandate" for a limitation of processing fees solely to duplication costs, citing 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 28 CFR §§ 16.11(c)(1)(i) and 16.11(d)(1). In support of your claim to news media status, you further contend that the "ACLU . . . is 'an entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn raw materials into a distinct work, and distributes that work to an audience.'" November 29, 2007 letter at 3, quoting National Security Archive v. Dep't. of Defense, 880 F.2d 1381, 1387 (D.C. Cir. 1989).

*Attachment MM*

After carefully considering your letter in the context of the governing Departmental regulations at 28 CFR § 16.11, I have determined that you do not meet the requirements to be designated a media requester for FOIA fee purposes. Section 16.11(b)(6) of the regulations sets forth the requirements for a person to qualify as a representative of the news media for purposes of a FOIA request. That provision states that, to be deemed a news media requester, a person must be "actively gathering news for an entity that is organized and operated to publish or broadcast news to the public." The regulation provides examples of news media entities such as "television or radio stations broadcasting to the public at large" and "publishers of periodicals (but only . . . where they can qualify as disseminators of 'news') who make their products available for purchase or subscription by the general public."

Although the ACLU may indeed disseminate information to interested persons, as you represent in your letter, that in itself does not qualify it to be designated a news organization for the purposes of FOIA. Today virtually every organization, whether advocacy group or business corporation, publishes its own magazines and newsletters, gives press briefings, and otherwise disseminates information of interest to its particular constituency. This does not qualify such an organization for the exceptional treatment that FOIA accords to news organizations specifically organized and operated to provide news to the general public. Indeed, were such an interpretation to be adopted, it would obliterate the special status accorded to news organizations and would open the way for any organization to avoid otherwise applicable FOIA processing fees.

Thus, based on your submission, I find that the ACLU does not satisfy the foregoing regulatory definition of news media representative, which states in pertinent part as follows:

> *Representative of the news media* . . . means any person actively gathering news for an entity that is organized and operated to publish or broadcast news to the public. The term "news" means information that is about current events or that would be of current interest to the public. Examples of news media entities include television or radio stations broadcasting to the public at large and publishers of periodicals (but only in those instances where they can qualify as disseminators of "news") who make their products available for purchase or subscription to the general public.

28 CFR § 16.11(b)(6); *accord* Uniform FOIA Fee Schedule and Guidelines, 52 Fed. Reg. 10012, 10014 (OMB 1987). As the courts have clarified, merely "making information available to the public . . . [is] insufficient;" rather, to be a news media representative, one must "act, in essence, as a publisher, both in print and in other media." National Security Archive, 880 F.2d at 1386.[1]

Indeed, your letter itself admits (at page 1) that the "ACLU is a 'non-profit, non-partisan , 501(c)(3) organization that provides legal representation free of charge to individuals and organizations in civil right and civil liberties cases, and educates the public about civil rights and civil liberties issues,'" rather than being an entity that was primarily organized and operated to

---

[1] *Accord id.* at 1387 (news media representatives do not include private repositories of public records or information vendors, data brokers, or other second-hand disseminators).

publish or broadcast news. *Cf.* Judicial Watch, Inc. v. Dep't. of Justice, 122 F.Supp.2d 5, 13 (D.D.C. 2000). For the foregoing reasons, I find that you do not qualify as a media requester.

**Fee Waiver – Public Interest**

Your November 29, 2007 letter (at page 4) also requests "a waiver of all costs pursuant to 5 U.S.C. § 552(a)(4)(A)(iii)." After carefully considering your FOIA request in the context of the foregoing statutory provision and the Department's related regulation at 28 CFR § 16.11(k), I conclude that your request does not meet the requirements for a fee waiver thereunder.

To qualify for such a fee waiver, a requester must show that: "(i) Disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government, and (ii) Disclosure of the information is not primarily in the commercial interest of the requester." 28 CFR § 16.11(k)(1). Even assuming that the ACLU lacks any disqualifying "commercial interest," an analysis of your request in light of the regulatory factors governing the first prong of the public interest test demonstrates that no fee waiver is appropriate here.

The Department's regulations establish a four-factor analysis for assessing whether a requested disclosure is in the public interest because it is likely to contribute significantly to public understanding of government operations or activities, stating in pertinent part as follows:

> To determine whether the first fee waiver requirement is met, components will consider . . . [i] Whether the subject of the requested records concerns 'the operations or activities of the government.' . . . [ii] Whether the disclosure is 'likely to contribute' to an understanding of government operations or activities.' . . . [iii] Whether disclosure of the requested information will contribute to 'public understanding.' . . . [iv] Whether the disclosure is likely to contribute 'significantly' to public understanding of government operations or activities. . . .

28 CFR § 16.11(k)(2)(i)-(iv); *accord* Judicial Watch, Inc. v. Dep't. of Justice, 185 F.Supp.2d 54, 60 (D.D.C. 2002). It should also be noted that "[u]nder well established case law, fee waiver requests must be made with reasonable specificity . . . and based on more than 'conclusory allegations.'" Judicial Watch, Inc. v. Rossotti, 326 F.3d 1309, 1312 (D.C. Cir. 2003) (citations omitted). For the following reasons, your request fails to satisfy this four-factor test.

At the outset, it should be noted that your request does not specifically address each of the four factors. Rather, your request recites the statutory language and then asserts that your request "meets the statutory criteria, and a fee waiver would fulfill Congress's legislative intent in amending FOIA." You assert that the disclosure "will help members of the public understand the privacy risks of carrying a mobile phone." November 29, 2007 letter at 4.

With respect to the requirement that a disclosure must be "likely to contribute" to an increased understanding of government operations or activities, "[t]he disclosure of information

that already is in the public domain . . . would not be as likely to contribute to such understanding where nothing new would be added." 28 CFR § 16.11(k)(2)(ii) (emphasis added). As noted in your footnotes 9 and 10 beginning on page 6 of your request, the monitoring of cell-phone activity by the government during law enforcement operations, is publicly known and has been widely reported. Accordingly, you have not demonstrated compliance with this factor of the public interest fee-waiver test.

The regulations also state that "[t]he public's understanding of the subject in question, as compared to the level of public understanding existing prior to the disclosure, must be enhanced by the disclosure to a significant extent." 28 CFR § 16.11(k)(2)(iv). It is not clear from your letter how the records being sought would significantly enhance the public's understanding of the known participation of the U.S. Attorneys Offices in supporting this law enforcement activity.

As stated in 28 CFR § 16.11(k), for a disclosure to be regarded as "in the public interest," it must be "likely to contribute significantly to the public understanding of the operations or activities of the government." Yet, your request does not appear to be tailored to shed light on United States Attorney operations or activities, but rather resembles a generalized "fishing expedition" unrelated to specific operations or activities of this agency.

Consequently, for the foregoing reasons, your request for a fee waiver or reduction is denied.

We are currently searching for documents responsive to your FOIA/PA request in the District of Nevada, and we have reached the two hours of search time provided to you at no charge. Federal Regulation 28 CFR 16.11(i) provides that our office may collect an advance payment **before we continue processing your request** if we estimate fees will exceed $250.00. Search time is $28.00 per hour, after the first two hours which are free. The District of Nevada has informed us that a complete search will take an additional 10 hours. Again, this excludes the first two hours which are provided free of charge. Therefore, the search fee would be approximately $280. We do not know how many pages, if any, of responsive records would be found with a complete search. Although not all of these records are likely to be released to you, please note that in addition to the charges for search time, we charge $.10 per page for pages released to you, after the first 100 pages which are free. Once processing has been completed and a final charge is known, you will be required to submit the remaining fee before documents will be released to you.

Accordingly, an advance payment of $280.00 in the form of a check or money order, payable to the Treasury of the United States, must be received by this office before we will continue processing your request. **Please indicate on the face of the check the above request number and mail it to the above address.**

If you wish to reduce your fees, you may reformulate your request by limiting the documents to a specific category or categories. Or, if you specify that you will only pay up to a certain amount, we will process your case up to that amount. Finally, keeping in mind that the first two hours were free, you may direct that we terminate your search.

**Per 28 C.F.R. 16.11(i), your request is not considered received until we receive a response from you. Please respond within 30 days of the date of this letter, or this matter will be closed.** If you wish, you may use the attached form to indicate your wishes. If you have any questions, please call Assistant Director Garry Stewart at 202-616-3450.

You may appeal this decision by writing within 60 days from the date of this letter to the Office of Information & Privacy, Department of Justice, 1425 New York Ave., N.W., Suite 11050, Washington, DC 20530.

Sincerely,

William G. Stewart II
Assistant Director

Enclosure

**Request No.: 07-4136**      **Requester: Catherine Crump (ACLU)**

### FEE COMMITMENT & CLARIFICATION

____ 1. I agree to pay no more than $_____ for search fees and no more than $_____ for duplication fees. Please process my request accordingly.

____ 2. I wish to reformulate my request in an attempt to reduce search fees. Please limit my request to the following records, and notify me of any revised search fee amount.

_____

_____

_____

_____

_____

*(Please note that a request for specific records often requires more search time and may not reduce fees.)*

____ 3. Please do not search any longer. **I understand that I am entitled to the first 100 pages of non-exempt records free of charge.** If you have found such releasable records, send them to me and close my case.

____ 4. Please terminate the search and take no further action. I am hereby withdrawing my request.

_____          _____
Signature                                Date

*Please return within 30 days to the following address or your request will be closed:*

Executive Office for United States Attorneys
Freedom of Information & Privacy Staff
600 E Street, N.W., Room 7300
Washington, DC 20530



08-12()

70 IA
(A)
EOUSA

March 12, 2008

*By Federal Express*

RECEIVED

MAR 1 7 2008

Office of Information and Privacy

William G. Stewart
Assistant Director
Office of Information and Privacy
Department of Justice
1425 New York Ave., N.W., Suite 11050
Washington, DC 20530

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
LEGAL DEPARTMENT
NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
F/212.549.2651
WWW.ACLU.ORG

OFFICERS AND DIRECTORS
NADINE STROSSEN
*PRESIDENT*

ANTHONY D. ROMERO
*EXECUTIVE DIRECTOR*

RICHARD ZACKS
*TREASURER*

Re: *Freedom of Information Act Appeal, EOUSA Request No. 07-4136*

Dear Mr. Stewart:

This letter constitutes an administrative appeal of the determinations made in your office's letter of January 24, 2008, relating to Freedom of Information Act ("FOIA") case number 07-4136. The letter is enclosed and is marked as Enclosure A.

In its request, the American Civil Liberties Union and American Civil Liberties Foundation (collectively, the "ACLU") sought records relating to the use of information from mobile carriers to track the location of individuals' mobile phones. The ACLU also sought expedited processing, a fee waiver, and limitation of fees. The FOIA request (the "Request") is enclosed, and is marked as Enclosure B.

"Representative of the News Media"

Your office denied the ACLU's request for a limitation of fees on the ground that the ACLU "[does] not meet the requirements to be a designated media requester for FOIA fee purposes." Your letter cites to the definition of "representative of the news media" listed in the Departmental regulations at 28 C.F.R. § 16.11(b)(6). This definition mirrors the definition formerly laid out in the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(A)(ii). This definition was amended by the OPEN Government Act of 2007 (the "Act"), S.2488, which President Bush signed into law on December 31, 2007. The definition of "a representative of the news media" now reads: "any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into distinct work, and distributes that work to an audience." 5 U.S.C. § 552(a)(4)(A)(ii).

Attachment NN

The ACLU is precisely the type of organization the drafters of the Act intended be covered under the provision expanding fee waivers for "representative[s] of the news media." As noted by its co-sponsor, Senator Patrick Leahy, the Act was intended to "protect the public's right to know, by ensuring that *anyone* who gathers information to inform the public . . . may seek a fee waiver when they request information under FOIA." 153 Cong. Rec. 127, S10987 (2007) (emphasis added).

As described in the Request, a critical and substantial component of the ACLU's mission and work is dissemination of information to the public. This distribution and dissemination of "information of potential interest to a segment of the public," *National Security Archive v. Department of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989), is the crux of what qualifies an organization as a "representative of the news media" under the Act. Senator Kyl, in comments on the floor, stated that:

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

> at the suggestion of some media representatives, [the Committee has] incorporated into the [Act] definition of media requester that was announced by the DC Circuit in National Security Archive v. U.S. Department of Defense. 880 F.2d 1381 (D.C. Cir. 1989). That definition focuses on public interest in the collected information, the use of editorial skill to process that information into news, and the distribution of that news to an audience. It would appear in my view to protect publishers of newsletters and other smaller news sources, as well as, obviously, the types of organizations described in that opinion.

153 Cong. Rec. 127, S10988 (2007).

The D.C. Circuit, in the *National Security Archive* case, emphasized that "any person or organization which regularly publishes or disseminates information to the public...should qualify for waivers as a 'representative of the news media.'" *National Security Archive*, 880 F.2d at 1386. Under the *National Security Archive* definition, and taking into account Senator Kyl's comments before the Senate, the ACLU qualifies as a "representative of the news media." The ACLU "uses its editorial skills to turn raw materials into a distinct work, and distributes that work to an audience," *National Security Archive*, 880 F.2d at 1387. These distinct works include regular newsletters, a type of publication Senator Kyl specifically cited as appropriate for inclusion under the definition. The ACLU also broadly disseminates information on its website to any interested member of the public. In fact, as the Act "grants the same

privileged FOIA fee status currently enjoyed by traditional media outlets to bloggers and others who publish reports on the Internet," the ACLU's web-based activities alone should serve to grant it status as a "representative of the news media." 153 Cong. Rec. 127, S10990 (2007) (statement of Sen. Cornyn).

As you stated in your letter, "to be a news media representative, one must 'act, in essence, as a publisher, both in print and in other media.' *National Security Archive*, 880 F.2d at 1386." The ACLU publishes hundreds of reports, updates, and action alerts annually, both in print and on its website, and, as opposed to "merely making information available to the public," *Id.*, the ACLU takes information garnered from many sources, including FOIA requests, and "uses its editorial skills to turn raw materials into a distinct work." *Id.* at 1387. Moreover, it is important to note that the definition of "representative of the news media" is no longer limited to entities "organized and operated to publish or broadcast news to the public." While the Department of Justice regulations still contain this language, the amended FOIA definition reflects Congress' intent that the definition be broadened to include more organizations providing information to the public in non-traditional ways.

Additionally, as recently as July of 2007, other government agencies have recognized the ACLU as a representative of the news media even under the outdated definition. In a letter dated July 24, 2007, Catrina M. Pavlik-Keenan, the FOIA officer at Immigration and Customs Enforcement, confirmed that the ACLU qualified as a media/educational requestor, and was therefore entitled to a fee limitation. The letter is attached, as Enclosure C.

Fee Waiver – Public Interest

Your office denied the ACLU's request for a fee waiver on the grounds that disclosure of the information requested was not in the public interest, as the information was not "likely to contribute significantly to the public understanding of the operations or activities of the government." 5 U.S.C. 552(a)(4)(A)(iii). This represents an extremely limited reading of the relevant statutory language and related case law.

The ACLU is a nonprofit 501(c)(3) organization, and disseminates information to the public free of charge. The records requested are therefore not sought for commercial use. As to the four factor test of 28 CFR § 16.11(k)(2)(i)-(iv), the request meets the necessary criteria.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

The material requested concerns "the operations or activities of the government," 28 CFR § 16.11(k)(2)(i); specifically the government's policies and practices for monitoring the locations of mobile phones, as well as the procedures used in obtaining mobile phone location information. The disclosure of this information will serve the public interest by helping members of the public understand the specific privacy risks associated with carrying a mobile phone. The fact that media reports have established that this program exists does not provide enough information for members of the public to decide the extent to which their right to privacy may be in jeopardy. The Request meets the test established by the D.C. District Court in *Judicial Watch, Inc. v. U.S. Dept. of Justice*, 185 F.Supp.2d 54 (D.D.C., 2002), as it explains "with reasonable specificity how and why the disclosure of this particular information will serve the public interest," *Id.* at 61.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

The records are also "likely to contribute to an understanding of government operations or activities," 28 CFR § 16.11(k)(2)(ii) (internal quotation marks omitted), as the requested information will provide a previously unavailable level of detail on the specific practices and policies of the government's mobile phone location monitoring program. As noted, the government's program has received widespread media attention, but the specific details remain unclear, especially with relation to the possibility of a lack of judicial review of government monitoring requests. Much of this information is <u>not</u> already in the public domain, and disclosure would be likely to contribute to a greater understanding of the program.

The requested information will "contribute to 'public understanding'" of "a reasonably broad audience of persons interested in the subject." 28 CFR § 16.11(k)(2)(iii). The ACLU disseminates information broadly via its website, physical reports and publications in a manner similar to the manner the D.C. Circuit approved in *Judicial Watch, Inc.* (see *Judicial Watch, Inc.*, 185 F.Supp.2d at 62).

Finally, the disclosure is likely to contribute "significantly to public understanding of government operations or activities." 28 CFR § 16.11(k)(2)(iv). Public understanding, "as compared to the level of public understanding existing prior to the disclosure, must be enhanced by the disclosure to a significant extent." *Id.* As noted above several entities, including the Washington Post, have published stories on the location tracking program, but specific details regarding the procedures used by the government in obtaining location information remain unclear. The public understanding is currently limited to some awareness of the existence of the program. Details regarding the grant of surveillance requests without

probable cause, however, remain unclear, as does the volume of the government's use of the location tracking information. The Request seeks information that would significantly increase the public understanding of the program by providing much greater detail about the program and the procedures used to ensure that its operation is not violating constitutional rights.

It is important to note that "the informative value of a request depends not on there being certainty of what the documents will reveal, but on the requesting party having explained with reasonable specificity how those documents would increase public knowledge of the functions of the government." *Citizens for Responsibility & Ethics in Washington v. U.S. Dept. of Health & Human Services*, 481 F.Supp.2d 99, 109 (D.D.C. 2006). As the Request illustrated, documents related to policies, procedures and practices followed to obtain mobile phone location information, internal recommendations regarding use of warrants, violations of these recommendations, and related documents will greatly increase the public's knowledge of the mobile phone location monitoring program. The documents will provide a level of detail heretofore unavailable to the general public, and the ACLU will disseminate the information in a medium that makes it accessible to any member of the general public.

For the above reasons, we ask that you reconsider your office's determinations as to the limitation of fees and the fee waiver. If you have any questions or concerns, please feel free to contact me at (202) 519-7806.

Sincerely,

Catherine Crump
Staff Attorney
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION



**U.S. Department of Justice**

Office of Information and Privacy 

Telephone: (202) 514-3642          Washington, D.C. 20530

MAR 1 8 2008

Catherine Crump, Esq.
American Civil Liberties Union
18th Floor
125 Broad Street
New York, NY 10004

    Re: Request No. 07-4136

Dear Ms. Crump:

    This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys was received by this Office on March 17, 2008.

    The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **08-1206**. Please mention this number in any future correspondence to this Office regarding this matter.

    We will notify you of the decision on your appeal as soon as we can. We regret the necessity of this delay and appreciate your continued patience.

                    Sincerely,

                    Priscilla Jones
                    Supervisory Administrative Specialist

Attachment OO

 

**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642          Washington, D.C. 20530

**OCT 15 2008**

Catherine Crump, Esq.
American Civil Liberties Union Foundation
18th Floor
125 Broad Street                    Re:  Appeal No. 08-1206
New York, NY  10004-2400                 Request No. 07-4136 KMF
                                         MJS:CG

Dear Ms. Crump:

By letter dated March 12, 2008, you appealed from the action of the Executive Office for United States Attorneys (EOUSA) on your request for a fee waiver and news media status in connection with your request dated November 29, 2007, for information relating to "the use of information from mobile carriers to track the location of individuals' mobile phones."

I note that EOUSA administratively separated your initial request into multiple files. Request No. 07-4136, which is the subject of this appeal, pertains to your request for records pertaining to the use of information from mobile carriers (Items 1-4 in the District of Nevada).

This Office has been advised by EOUSA that fees are longer an issue for this request and that it has moved forward with processing your request. Thus, your appeal from EOUSA's denial of your request for a fee waiver is moot, making it unnecessary to adjudicate your request for news media status.

Sincerely,

Janice Galli McLeod
Associate Director

Attachment PP

EOUSA



U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

Requester: __Catherine Crump_____    Request Number: __07-4136_____

Subject of Request: _Mobile Phone Tracking (Items 1-5)/DNV_____

Dear Requester:                                         DEC 3 1 2008

    This is in further response to your Freedom of Information Act request. This letter constitutes a final reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices, in this request. To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes. The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act, 28 C.F.R. § 16.81. We have also processed your request under the Freedom of Information Act.

    The United States Attorneys Office for the District of Nevada ("USAO DNV") has completed a search for information responsive to your request, the terms of which are outlined in Defendant's Scheduling Report. The Court approved the search criteria contained in the Defendant's Scheduling Report on November 20, 2008. The results of that search found that with regard to item number four (4) of your request, the USAO DNV did not locate a compilation showing the number of times the government has applied for a court order based on less than probable cause, authorizing it to obtain mobile phone location information. However, after canvassing the Criminal Division Assistant U.S. Attorneys, the USAO DNV identified two (2) cases, on or after September 12, 2001, in which the Court granted the government's application to permit it to obtain mobile phone location information without making a judicial finding of probable cause. The cases identified in this search are subject to court seals that prohibit disclosure. This search also found that no applications were granted after November 16, 2007, to permit the government to obtain GPS or similarly precise location data on target cell phones without a judicial determination of probable cause. With regard to item number five (5) of your request, the EOUSA is withholding in its entirety all of the responsive information identified as a result of the search conducted by the USAO DNV. The exemption(s) cited for withholding this information are marked below. The USAO DNV found no records responsive to item number three (3) of your request.

| Section 552 | | | Section 552a |
|---|---|---|---|
| [  ] (b)(1) | [  ] (b)(4) | [  ] (b)(7)(B) | [ **X** ] (j)(2) |
| [  ] (b)(2) | [  ] (b)(5) | [ **X** ] (b)(7)(C) | [  ] (k)(2) |
| [  ] (b)(3) | [  ] (b)(6) | [  ] (b)(7)(D) | [  ] (k)(5) |
| _____ | [ **X** ] (b)(7)(A) | [  ] (b)(7)(E) | [  ] _____ |
| _____ | | [  ] (b)(7)(F) | |

Attachment QQ

Although I am aware that this request is the subject of ongoing litigation and that appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you that if you consider my response to be a denial of your request, you have the right to file an administrative appeal by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**.

Sincerely,

William G. Stewart II
Assistant Director



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757  FAX: 616-6478  (www.usdoj.gov/usao)*

DEC 12 2007

Requester: Catherine Crump

Request Number: 07- 4137

Dear Requester:

     The Executive Office for United States Attorneys has received your Freedom of Information Act request and assigned the above number to the request.

     You have requested the "case name, docket number, and court of all criminal prosecutions, current or past, of individuals who were tracked using mobile location data, where the government did not first secure a warrant based on probable cause for such data." The records you requested would pertain to particular individuals in the context of criminal prosecution. It is the policy of the Executive Office neither to confirm nor deny that records concerning living third parties exist. Since you have not provided evidence of prosecution of any named, particular individuals, the requested information would be exempt from release pursuant to 5 U.S.C. 552(b)(6) and/or (b)(7)(C) which pertain to records whose disclosure would result in an unwarranted invasion of personal privacy. Further, any release to you of such records would be in violation of the Privacy Act. 5 U.S.C. 552a. See *U.S. Department of Justice v. Reporters Committee for Freedom of the Press et al.*, 489 U.S. 749 (1989). Please see also *Long v. U.S. Department of Justice*, 450 F. Supp.2d 42, D.D.C., September 8, 2006 (No. CIVA 02-2467 PLF, CIVA 00-0211 PLF).

     This is our final action on this above-numbered request. You may appeal my decision in this matter by writing within 60 days from the date of this letter, to the **Office of Information and Privacy, Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**. Both the envelope and the letter of appeal should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court. 28 C.F.R. § 16.9.

                                    Sincerely,

                                  (C)

                            William G. Stewart II
                            Assistant Director

                                    Form No. 006d - 2/06

Attachment RR



08-0946 *FOIA*
*(A)*
*EOUSA*

February 6, 2008

*By Federal Express*

Office of Information and Privacy
Department of Justice
1425 New York Avenue
Suite 11050
Washington, D.C. 20530-0001

RECEIVED

FEB 11 2008

Office of Information and Privacy

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
LEGAL DEPARTMENT
NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
F/212.549.2651
WWW.ACLU.ORG

OFFICERS AND DIRECTORS
NADINE STROSSEN
*PRESIDENT*

ANTHONY D. ROMERO
*EXECUTIVE DIRECTOR*

RICHARD ZACKS
*TREASURER*

re:  *FOIA Appeal, No. 07-4137*

The American Civil Liberties Union and American Civil Liberties Union
Foundation (ACLU) appeal the denial of their Freedom of Information Act
request, No. 07-4137, for information related to the "case name, docket
number, and court of all criminal prosecutions, current or past, of
individuals who were tracked using mobile location data, where the
government did not first secure a warrant based on probable cause for such
data." *See* FOIA Request, Attachment A.

As grounds for denial, the Executive Office explained that "it is the policy
of the Executive Office neither to confirm nor deny that records
concerning living third parties exist." It also claimed that the requested
information is exempt from release pursuant to 5 U.S.C. § 551(b)(6)
and/or (b)(7)(C) and that its release would violate the Privacy Act. *See*
Executive Office Letter, Attachment B.

None of these grounds are valid.

Although the Executive Office claims to have a policy of not releasing
information about living third parties, the United States Attorneys offices
to which the ACLU's FOIA request is directed routinely release the kind
of information the ACLU seeks here. The ACLU seeks the case name and
docket number of all criminal prosecutions where a certain,
constitutionally questionable evidence gathering technique was utilized.
The Executive Office is correct that this information will enable the
ACLU to locate certain publicly available court records, which will in turn
disclose the names of certain individuals who have been or are being
prosecuted by the federal government. But this information, the names of
individuals being prosecuted, is precisely the sort of information United
States Attorneys' Offices routinely release, for example in press releases.

1

*Attachment SS*

*See, e.g.*, Web Site of United States Attorney's Office, Middle District of Alabama, Press Releases (http://www.usdoj.gov/usao/alm/Press/index.html) (containing press releases announcing, among other things, indictment of "John Garry Bournes, age 54, of Florida, for failing to register as a sex offender").

Regardless, the existence of a policy against disclosure would not excuse the Executive Office from complying with FOIA. FOIA was enacted by Congress to promote government oversight. The Executive Office cannot unilaterally excuse itself from this requirement.

The Executive Office also contends that the documents the ACLU seeks are exempt from disclosure under FOIA pursuant to 5 U.S.C. § 551(b)(6) and/or (b)(7)(C), and that release of this information would violate the Privacy Act.

As the Executive Office is aware, the law requires balancing the public interest in disclosure against the loss of privacy. *Department of Defense v. FLRA*, 510 U.S. 487, 497 (1994). Given the nature of the ACLU's records request, this balance tips in favor of disclosure.

The purpose of FOIA is to contribute to public understanding of the operation of government, particularly where the government may be violating the law. *Department of the Air Force v. Rose*, 425 U.S. 352, 372 (1976). The ACLU's FOIA request goes to the heart of that purpose. The ACLU seeks to inform the public about the government's use of a highly controversial law enforcement technique that some courts have already held to be unconstitutional. *See, e.g., In The Matter Of The Application Of The United States Of America For An Order Authorizing The Release Of Prospective Cell Site Information*, 407 F.Supp.2d 134 (D. D.C. 2006) (refusing the grant the DOJ cell site authority in the absence of probable cause). Under these circumstances, the interest in public disclosure is great.

At the same time, individuals who have actually been subject to federal prosecution have only a minimal privacy interest in preventing disclosure of the fact that they were prosecuted. This information is publicly available in court files. Indeed, this is the sort of information that United States Attorneys routinely release to the press. Unlike the public release of rap sheets, which can contain information about uncharged crimes and a single individual's entire criminal history, the information the ACLU seeks is substantially less personal. This is apparent from the scope of the ACLU's request, which seeks only docket numbers and case names of actually prosecuted cases, for the purpose of ascertaining the extent of the

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

government's warrantless tracking of the location of cell phones, and to inform individuals that they may have been subjected to unconstitutional surveillance.

The Freedom of Information Act requires you to respond within twenty working days. We look forward to your prompt response. If you have any questions, please contact me at 212-519-7806.

Sincerely,

Catherine Crump *App*

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION





RECEIVED

2008 FEB 15

DEPT OF 

Telephone: (202) 514-3642    *Washington, D.C. 20530*

FEB 1 4 2008

Catherine Crump, Esq.
American Civil Liberties Union Foundation
18th Floor
125 Broad Street
New York, NY 10004-2400

    Re: Request No. 07-4137

Dear Ms. Crump:

    This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys was received by this Office on February 11, 2008.

    The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **08-0946**. Please mention this number in any future correspondence to this Office regarding this matter.

    We will notify you of the decision on your appeal as soon as we can. We regret the necessity of this delay and appreciate your continued patience.

                    Sincerely,

                    Priscilla Jones
                    Supervisory Administrative Specialist

EousA           Attachment TT



**U.S. Department of Justice**

Office of Information and Privacy

RECEIVED 2008 AUG

Telephone: (202) 514-3642                    Washington, D.C. 20530

AUG 0 4 2008

Catherine Crump, Esq.
American Civil Liberties Union Foundation
18th Floor                                   Re:  Appeal No. 08-0946
125 Broad Street                                  Request No. 07-4137
New York, NY 10004-2400                           ALB:CG

Dear Ms. Crump:

You appealed from the action of the Executive Office for United States Attorneys (EOUSA) on your request for access to records pertaining to third parties.

I note that EOUSA administratively separated your request into eighteen separate request files. Request No. 07-4137, which is the subject of this appeal, pertains to your request for third party records as outlined in item 5 of your request. Request Nos. 07-4120 to 07-4136 pertain to your request for access to records as outlined in items 1 through 4 of your request.

I have been informed that you filed a lawsuit pertaining to the action of EOUSA in the United States District Court for the District of Columbia. Inasmuch as this matter is now before the Court, I am closing your appeal file in this Office in accordance with 28 C.F.R. § 16.9(a)(3) (2007).

Sincerely,

*Anne D. work*
*for*

Janice Galli McLeod
Associate Director

Attachment UU

EOUSA



**U.S. Department of Justice**

Criminal Division

Washington, D.C. 20530

CRM-200800821-F

Ms. Catherine Crump
American Civil Liberties Union Foundation
125 Broad Street, 17th Floor
New York, NY 10004

MAY 1 5 2009

Dear Ms. Crump:

In processing your November 29, 2007, Freedom of Information Act request, the Executive Office for United States Attorneys locate one document which originated in the Criminal Division of the Department of Justice, and referred this record to us for our review and direct response to you. This document was received in this Office on November 17, 2008.

We have processed your request and have determined that two pages of this item are within the scope of your request. These pages are being released to you in their entirety.

Sincerely,

Rena Y. Kim, Chief
Freedom of Information/Privacy Act Unit
Office of Enforcement Operations
Criminal Division

5/15/09
Car

pmy
5-15-09
**FILE**

Attachment V V



**U.S. Department of Justice**

Criminal Division

*Washington, D.C. 20530*

CRM-200800549-F

Ms. Catherine Crump
American Civil Liberties Union
125 Broad Street, 17th Floor
New York, NY 10004

AUG 2 2 2008

Dear Ms. Crump:

While processing your Freedom of Information Act request dated November 29, 2007, the Executive Office for United States Attorneys located eight records (items 1-8) which originated with the Criminal Division of the Department of Justice and referred these records to us for our review and direct response to you. These records were received in this Office on August 19, 2008.

We have processed your request under the Freedom of Information Act and will make all records available to you whose release is either required by that statute or considered appropriate as a matter of discretion. In light of our review, we have determined to release items 1-6 in part, and to withhold items 7-8 (as described on the enclosed schedule) in full. We are withholding the records and portions of records indicated pursuant to the following FOIA exemptions set forth in 5 U.S.C. 552(b):

 (2)   which permits the withholding of information
         relating solely to the internal personnel rules and
         practices of an agency;

 (5)   which permits the withholding of inter-agency or intra-agency
         memorandums or letters which reflect the predecisional,
         deliberative processes of the Department, and/or which consist of
         attorney work product prepared in anticipation of litigation.

Copies of items 1-6 are enclosed.

You have a right to an administrative appeal of this partial denial of your request. Your appeal should be addressed to: The Office of Information and Privacy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, DC 20530-0001. Both the envelope and the letter should be clearly marked with the legend "FOIA Appeal." Department regulations provide that such appeals must be received by the Office of Information and Privacy within sixty days of the date of this letter. 28 C.F.R. 16.9. If you exercise this right and your

*Attachment W W*

appeal is denied, you also have the right to seek judicial review of this action in the federal judicial district (1) in which you reside, (2) in which you have your principal place of business, (3) in which the records denied are located, or (4) for the District of Columbia. If you elect to file an appeal, please include, in your letter to the Office of Information and Privacy, the Criminal Division file number that appears above your name in this letter.

Sincerely,

Rena Y. Kim by Par

Rena Y. Kim, Chief
Freedom of Information/Privacy Act Unit
Office of Enforcement Operations
Criminal Division

**SCHEDULE OF DOCUMENTS WITHHELD IN FULL**
(Refer to Body of Letter for Full Description of Exemption)


7.   Analysis 1-18-02 prepared by Richard Downing, Computer Crime and Intellectual
     Property Section (CCIPS); 9 pages.
     Withheld in full pursuant to 5 U.S.C. 552(b)(5).

8.   Response 8-1-05 by Nathan Judish, CCIPS to Smith Memorandum; 21 pages.
     Withheld in full pursuant to 5 U.S.C. 552(b)(5).



U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

Requester:   Catherine Crump                                    Request Number:   07-4130

Subject of Request: Mobile Phone Tracking (Item 1-4)/LAM

Dear Requester:                                    MAY 1 4 2009

     Your request for records under the Freedom of Information Act/Privacy Act was processed several months ago; however, in accordance with Attorney General Holder's March 19, 2009, FOIA Memorandum, the EOUSA has re-reviewed the material withheld under FOIA exemptions (b)(2), (b)(5), (b)(7)(A), (b)(7)(C), (b)(7)(D) and (b)(7)(E), 5 U.S.C. § 552(b)(2), (b)(5) (b)(7)(A), (b)(7)(C), (b)(7)(D) and (b)(7)(E).  As a result of this review, the EOUSA has determined that the enclosed material, consisting of 130 pages, is appropriate for discretionary release.  The EOUSA has also determined that the remainder of the withheld information in requests numbered 07-4122, 07-4123, 07-4126, 07-4127, 07-4129, 07-4130, 07-4132, 07-4135, 07-4136, and 07-4137 is not appropriate for discretionary release.

Sincerely,

Karen W. Finnegan for

William G. Stewart II
Assistant Director

Enclosure(s)

Attachment XX

**Attachment YY**

**ACLU, et al. v. Dep't of Justice**, Civil Action No. 08-cv-01157-JR
**(FOIA Nos. 07-4122 (USAO NDCA); 07-4123 (USAO CDCA); 07-4126 (USAO DDC); 07-4127 (USAO NDIN); 07-4129 (USAO EDLA); 07-4130 (USAO MDLA); 07-4132 (USAO DNJ); 07-4135 (USAO SDFL); and, 07-4136 (USAO DNV)).**

**Glossary:**
**"RIF"–released in full**
**"RIP"–released in part**
**"WIF"–withheld in full; reviewed for and not deemed segregable**
**"NS"–reviewed for and determined not segregable either because the document and/or information is categorically exempt or because no meaningful, intelligible portion would remain after redacting exempt information.**
**"USAO"–United States Attorney's Office**
**"AUSA"–Assistant U.S. Attorney**

| DOC | PAGES | DOCUMENT DESCRIPTION | EXEMPT STATUS | JUSTIFICATION |
|---|---|---|---|---|
| 1 | 2 | Internal memorandum dated February 2007 regarding revised templates for pen register and trap and trace applications and orders | RIP: b7E | Withheld portions of sub-paragraphs (2) and (9), and all of sub-paragraphs (6), (7), and (8) to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to information/cellular phone technology, that are not generally known to the public and the legal methods to obtain cell phone use/account information.  The withheld information is not appropriate for discretionary disclosure. |

| | | | | |
|---|---|---|---|---|
| 2 | 15 | Template for a Sealed Order (5 pages) and Application (10 pages) to obtain a pen register and trap and trace device. | RIP: b2, b7E | Withheld portions of pages 2-4 of the Order and pages 2-9 of the Application to protect the details of techniques and procedures for law enforcement investigations that relate to information/cellular phone technology, that are not generally known to the public and the methods of obtaining cell phone use information.  On pages 8-9 also withheld information regarding how investigative agents use the cell phone information, which if released could risk circumvention of the law by providing details of how to avoid detection, thereby negatively impacting the effectiveness of this technique.  (A withheld footnote on page 2 of the Order is the same as the withheld footnote on page 6 of the Application.)  The withheld information is not appropriate for discretionary disclosure. |
| 3 | 15 | Template for a Sealed Order (6 pages) and Application (9 pages) to obtain a pen register and trap and trace device. | RIP: b7E | Withheld portions of pages 1 - 5 of the Order and pages 2 - 8 of the Application to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to information/cellular phone technology, that are not generally known to the public and the methods of obtaining cell phone use information.  The withheld information is not appropriate for discretionary disclosure. |
| 4 | 2 | Three internal emails dated December 28, 2006, and January 3, 2007, regarding application for prospective cell site information | WIF: b5, b7E | Withheld this internal communications regarding the procedure to obtain prospective cell site information in a fugitive case and in a non-fugitive case because it is protected by the deliberative process privilege; and to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to information/cellular phone technology that are not generally known to the public and the methods of obtaining cell phone use information.  There is no reasonably segregable information contained in this document.  The withheld information is not appropriate for discretionary disclosure. |

| 5 | 2 | Internal email message dated December 16, 2006, regarding procedure for obtaining cell site information | WIF: b5, b7E | Withheld this internal communication regarding the procedure to obtain prospective cell site information because it is protected by the deliberative process privilege; and to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to information/cellular phone technology, that are not generally known to the public and the methods of obtaining cell phone use information. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
|---|---|---|---|---|
| 6 | 1 | Internal email message dated January 3, 2006, regarding requesting cell site information | WIF: b5, b7E | Withheld this internal communication regarding the procedure to obtain prospective and/or real time cell site information because it is protected by the deliberative process privilege; and, to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to information/cellular phone technology, that are not generally known to the public and the methods of obtaining cell phone use information. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
| 7 | 1 | Internal email message dated January 26, 2006, regarding wiretap application requesting cell site information | WIF: b5, b7E | Withheld this internal communication regarding the procedure to obtain cell site information in wiretap applications because it is protected by the deliberative process privilege; and to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to information/cellular phone technology, that are not generally known to the public and the methods of obtaining cell phone use information. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |

| 8 | 2 | Internal email message dated January 29, 2006, to the Ad Hoc Cell Site Committee regarding the proper procedures for obtaining cell site information | WIF: b5, b7E | Withheld this internal communication regarding the procedure to obtain cell site information because it is protected by the deliberative process privilege; and, to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to information/cellular phone technology, that are not generally known to the public and the methods of obtaining cell phone use information. There is no reasonably segregable information contained in this document.  The withheld information is not appropriate for discretionary disclosure. |
| 9 | 2 | Internal email message dated February 1, 2006, to the Ad Hoc Cell Site Committee regarding a denial of an application for cell site information | WIF: b5, b6, b7C, b7E | Withheld this internal communication regarding a denial of an application to obtain cell site information because it is protected by the attorney work product and deliberative process privileges; and to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to information/cellular phone technology, that are not generally known to the public, and the methods of obtaining cell phone use information; and the name of a third party of investigative interest to the government to protect against harassment or stigmatizing public attention.  There is no reasonably segregable information contained in this document.  The withheld information is not appropriate for discretionary disclosure. |
| 10 | 1 | Internal email message dated February 3, 2006, regarding an application for cell site information | WIF: b5, b7E | Withheld this internal communication regarding the procedure to obtain cell site information because it is protected by the deliberative process privilege; and to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to information/cellular phone technology, that are not generally known to the public, and the methods of obtaining cell phone use information. There is no reasonably segregable information contained in this document.  The withheld information is not appropriate for discretionary disclosure. |

| 11 | 1 | Four internal email messages dated February 6, 2006, regarding an application for cell site information | WIF: b5, b7E | Withheld this internal communications regarding the procedure to obtain cell site information because it is protected by the deliberative process privilege; and to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to information/cellular phone technology, that are not generally known to the public, and the methods of obtaining cell phone use information. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
|----|---|---|---|---|
| 12 | 2 | Two internal email messages dated March 16, 2006, to the Ad Hoc Cell Site Committee regarding denial of a pen register and trap and trace application | WIF: b5 | Withheld this internal communications regarding the procedure to obtain cell site information because it is protected by the deliberative process privilege. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
| 13 | 1 | Internal email message dated March 28, 2006, regarding an application for cell site information | WIF: b5, b7E | Withheld this internal communication regarding the procedure to obtain cell site information in a fugitive case because it is protected by the deliberative process privilege; and to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to information/cellular phone technology, that are not generally known to the public, and the methods of obtaining cell phone use information. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |

| 14 | 2 | Internal email message dated March 30, 2006, to the Ad Hoc Cell Site Committee regarding the procedure for obtaining cell site information | WIF: b5, b7E | Withheld this internal communication regarding the procedure to obtain prospective cell site information in fugitive cases and in non-fugitive cases because it is protected by the deliberative process privilege; and to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to information/cellular phone technology, that are not generally known to the public, and the methods of obtaining cell phone use information. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
| --- | --- | --- | --- | --- |
| 15 | 2 | Internal email message dated April 3, 2006, to the Ad Hoc Cell Site Committee regarding the procedure for obtaining cell site information | WIF: b5, b6, b7C, b7E | Withheld notes of a witness interview, which is protected by the deliberative process privilege, and the names of the witness and third parties merely mentioned to protect against stigmatizing public attention or harassment; and to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to information/cellular phone technology, that are not generally known to the public, and the methods of obtaining cell phone use information. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
| 16 | 2 | Draft letter from USAO to Chief Magistrate Judge dated August 6, 2008 | WIF: b5 | Withheld this draft letter regarding the procedure for filing applications for prospective cell site information because it is protected by the deliberative process privilege. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |

| 17 | 2 | Two internal email messages dated November 30, 2006, regarding the procedure for obtaining cell site information | WIF: b5, b7E | Withheld these internal communications regarding the procedure to obtain cell site information in fugitive cases and in non-fugitive cases because it is protected by the deliberative process privilege; and to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to information/cellular phone technology, that are not generally known to the public, and the methods of obtaining cell phone use information. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
|----|---|---|---|---|
| 18 | 2 | Eight internal email messages dated December 28, 2006, regarding the procedure for obtaining cell site information | WIF: b5, b7E | Withheld these internal communications regarding the procedure to obtain cell site information in non-fugitive case because it is protected by the deliberative process privilege; and to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to information/cellular phone technology, that are not generally known to the public, and the methods of obtaining cell phone use information. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
| 19 | 14 | Draft Application (Under Seal) and Proposed Order (Under Seal) | WIF: b5, b6, b7C | Withheld this draft document because it is protected by the attorney work product and deliberative process privileges; and, the telephone/cell phone number of a third party of investigative interest to the government to protect against harassment or stigmatizing public attention. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |

| 20 | 21 | Draft Application (Under Seal), Memorandum of Points and Authorities, Affidavit, Proposed Order (Under Seal) | WIF: b5, b6, b7C, b7D | Withheld this draft document because it is protected by the attorney work product and deliberative process privileges; and, three names, two cell phone numbers, one cell phone account number, and one date of birth of three individuals of investigative interest to the government to protect against harassment or stigmatizing public attention, the names of an FBI Special Agent and local law enforcement officer to protect against harassment and annoyance in the conduct of official duties and in private life, and detailed information provided by two confidential informants. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
|----|----|----|----|----|
| 21 | 22 | Draft Application (Under Seal) and Proposed Order (Under Seal) | WIF: b5, b6, b7C | Withheld this draft document because it is protected by the attorney work product and deliberative process privileges; and, the name, home address, cell phone number, and driver's license number of two third parties of investigative interest to the government to protect against harassment or stigmatizing public attention, and the name of an ICE Special Agent to protect against harassment and annoyance in the conduct of official duties and in private life. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |

| 22 | 29 | Draft Application (Under Seal) and Proposed Order (Under Seal) | WIF: b5, b6, b7C, b7D | Withheld this draft document because it is protected by the attorney work product and deliberative process privileges; and, the name, home address, cell phone number, cell phone account number and driver's license number of two third parties of investigative interest to the government to protect against harassment or stigmatizing public attention; the names and business name and address of fourteen third parties merely mentioned; the names of two FBI and two DEA Special Agents to protect against harassment and annoyance in the conduct of official duties and in private life; and detailed information provided by a confidential informant and a cooperating witness. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
| 23 | 28 | Draft Application (Under Seal) and Proposed Order (Under Seal) | WIF: b5, b6, b7C | Withheld this draft document because it is protected by the attorney work product and deliberative process privileges; and, the name, alias name, home address, cell phone number, cell phone account number related to two third parties of investigative interest to the government to protect against harassment or stigmatizing public attention; the names of five third parties merely mentioned; and the name of an ICE Special Agent to protect against harassment and annoyance in the conduct of official duties and in private life. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
| 24 | 23 | Draft Application (Under Seal) and Proposed Order (Under Seal) | WIF: b5, b6, b7C | Withheld this draft document because it is protected by the attorney work product and deliberative process privileges; and, the name, alias name, and two cell phone numbers related to five third parties of investigative interest to the government to protect against harassment or stigmatizing public attention; the names of five third parties merely mentioned; and the name of a DEA Special Agent to protect against harassment and annoyance in the conduct of official duties and in private life. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |

| 25 | 2 | Internal email message dated June 26, 2006, regarding the procedures pertaining to obtaining cell site and GPS information | RIP: b7E | Withheld portions of sub-paragraphs (1), and (2)(A) and (B) to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to information/cellular phone technology and the legal methods to obtain cell phone use information. The withheld information is not appropriate for discretionary disclosure. |
|---|---|---|---|---|
| 26 | 24 | Template Application (Under Seal) (3 pages), Memorandum of Points and Authorities (13 pages), Declaration (3 pages), Proposed Order (Under Seal) (5 pages) (June 22, 2007 version) | RIP: b7E | Withheld portions of Application (at page 1), Memorandum of Points and Authorities (at pages 2-4, 11, 12), Declaration (at page 3), and Order (at pages 2, 4) to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to information/cellular phone technology that are not generally known to the public and the legal methods to obtain cell phone use information. The withheld information is not appropriate for discretionary disclosure. |
| 27 | 28 | Template Application (Under Seal) (3 pages), Memorandum of Points and Authorities (13 pages), Declaration (3 pages), Proposed Order (Under Seal) (6 pages), Return for GPS/Cell Site Warrant (3 pages) (July 28, 2008 version) | RIP: b7E | Withheld portions of Memorandum of Points and Authorities (at pages 2, 4, 10, 11), Declaration (at page 3), Order (at pages 3-5), and Warrant Return (at pages 1, 2) to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to information/cellular phone technology that are not generally known to the public and the legal methods to obtain cell phone use information. The withheld information is not appropriate for discretionary disclosure. |
| 28 | 25 | Template Application (Under Seal) (3 pages), Memorandum of Points and Authorities (13 pages), Declaration (3 pages), Proposed Order (Under Seal) (6 pages) (August 27, 2008 version) | WIF: b7E | Withheld portions of Memorandum of Points and Authorities (at pages 2, 4, 10, 11), Declaration (at page 3), Order (at pages 3, 5), and Warrant Return (at pages 1, 2) to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to information/cellular phone technology that are not generally known to the public and the legal methods to obtain cell phone use information. The withheld information is not appropriate for discretionary disclosure. |

| 29 | 9 | Template Application (Under Seal) (6 pages) and Proposed Order (Under Seal) (3 pages) | RIP: b6, b7C, b7E | Withheld portions of Application (at pages 2, 3), and Order (at pages 1, 2) to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to information/cellular phone technology that are not generally known to the public and the legal methods to obtain cell phone use information; and certain details pertaining to location of a drug organization and the criminal case number to protect against stigmatizing public attention or harassment. The withheld information is not appropriate for discretionary disclosure. |
|---|---|---|---|---|
| 30 | 2 | Draft Proposed Order (Under Seal) (2 pages) | WIF: b5, b6, b7C | Withheld this draft document because it is protected by the attorney work product and deliberative process privileges; and, a cell phone number related to a third party of investigative interest to the government to protect against harassment or stigmatizing public attention; and the name of an FBI Special Agent to protect against harassment and annoyance in the conduct of official duties and in private life. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
| 31 | 5 | Draft Application (Under Seal) (5 pages) | WIF: b5, b6, b7C | Withheld this draft document because it is protected by the attorney work product and deliberative process privileges; and, a cell phone number related to a third party of investigative interest to the government to protect against harassment or stigmatizing public attention; and the name of an FBI Special Agent to protect against harassment and annoyance in the conduct of official duties and in private life. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
| 32 | 10 | Template Application (Under Seal) (6 pages) and Proposed Order (Under Seal) (4 pages) | RIP: b7E | Withheld portions of Application (at pages 3, 5), and Order (at page 3) to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to information/cellular phone technology and are not generally known to the public. The withheld information is not appropriate for discretionary disclosure. |

| | | | | |
|---|---|---|---|---|
| 33 | 9 | Template Application (Under Seal) (6 pages) and Proposed Order (Under Seal) (3 pages) | RIP: b7E | Withheld portions of Application (at page 4), and Order (at page 2) to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to information/cellular phone technology and are not generally known to the public. The withheld information is not appropriate for discretionary disclosure. |
| 34 | 15 | Template Application (Under Seal) (10 pages) and Proposed Order (Under Seal) (5 pages) | RIP: b7E | Withheld portions of Application (at pages 3-5, 7, 8), and Order (at pages 3, 4) to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to information/cellular phone technology and that are not generally known to the public. The withheld information is not appropriate for discretionary disclosure. |
| 35 | 13 | Draft Application (Sealed) (7 pages) and Proposed Order (Sealed) (6 pages) | WIF: b5, b6, b7C | Withheld this draft document because it is protected by the attorney work product and deliberative process privileges; and, the name and cell phone number related to a third party of investigative interest to the government to protect against harassment or stigmatizing public attention; and the name of a DEA Special Agent to protect against harassment and annoyance in the conduct of official duties and in private life. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
| 36 | 13 | Draft Application (Sealed) (7 pages) and Proposed Order (Sealed) (6 pages) | WIF: b5, b6, b7C | Withheld this draft document because it is protected by the attorney work product and deliberative process privileges; and, the name and cell phone number related to a third party of investigative interest to the government to protect against harassment or stigmatizing public attention; and the names of a DEA Special Agent and local law enforcement official to protect against harassment and annoyance in the conduct of official duties and in private life. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |

| 37 | 2 | Internal email message dated January 22, 2007, regarding need for cell site information | RIP: b6, b7C | Withheld only the name and cell phone number of a third party of investigative interest to the government, and the names, cell phone number, home address, business name and address relating to three third parties merely mentioned, factual details pertaining to an ongoing kidnaping/attempted murder case to protect against harassment and/or stigmatizing public attention. The withheld information is not appropriate for discretionary disclosure. |
|---|---|---|---|---|
| 38 | 3 | Internal email message dated February 6 & 7, 2007, regarding cell site information | RIP: b5, b6, b7C | Withheld only the name of one federal law enforcement official to protect against harassment and annoyance in the conduct of official duties and in private life; and details of an internal discussion on the procedure for obtaining cell site information, which is protected by the deliberative process privilege. The withheld information is not appropriate for discretionary disclosure. |
| 39 | 2 | Internal email message dated January 22, 2007, regarding procedures for obtaining cell site information | RIP: b5 | Withheld only one sentence containing a suggestion on the procedure for obtaining cell site information, which is protected by the deliberative process privilege. The withheld information is not appropriate for discretionary disclosure. |
| 40 | 2 | Two internal email messages dated October 4 and 5, 2008, regarding procedures for obtaining cell site information | WIF: b5, b7E | Withheld these internal communications regarding the procedure to obtain cell site information because they are protected by the deliberative process privilege; and to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to the legal method for obtaining cell phone information. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |

| 41 | 2 | Four internal email messages dated September 1, 2005, regarding procedures for obtaining cell site information | WIF: b5, b7E | Withheld these internal communications regarding the procedure to obtain cell site information because they are protected by the deliberative process privilege; and to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to the legal method for obtaining cell phone information. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
|---|---|---|---|---|
| 42 | 1 | Internal email message dated October 6, 2005, regarding procedures for obtaining cell site information | WIF: b5 | Withheld details of request for advice regarding the proper procedure for obtaining cell site information, which is protected by the deliberative process privilege. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
| 43 | 1 | Internal email message dated November 19, 2007, regarding procedures for obtaining GPS or similarly precise location data | RIP: b5 | Withheld details of advice to the field regarding the proper procedure for obtaining cell site information, which is protected by the deliberative process privilege. The withheld information is not appropriate for discretionary disclosure. |
| 44 | 2 | Four intra-agency email messages dated June 4, 2004 and March 22, 2007, regarding procedures for obtaining cell site information | RIP: b5, b7E | Withheld details of request for advice regarding the proper procedure for obtaining cell site information, which is protected by the deliberative process and attorney client privilege.[1] The withheld information is not appropriate for discretionary disclosure. |

---

[1] Two email messages dated June 4, 2004 and March 22, 2007, that are included in this email chain originated with the DOJ Criminal Division, which has advised EOUSA that both messages are exempt from release pursuant to FOIA Exemption (b)(5) because they are protected by the deliberative process and attorney client privileges.

| 45 | 1 | Internal email message dated May 28, 2004, regarding procedures for obtaining cell site information | RIP: b5, b7E | Withheld details of advice regarding the proper procedure for obtaining cell site information, which is protected by the deliberative process privilege; and to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to the legal method for obtaining cell phone information. The withheld information is not appropriate for discretionary disclosure. |
|----|----|----|----|----|
| 46 | 1 | Internal email message dated May 28, 2004, regarding procedures for obtaining cell site information | RIP: b5 | Withheld this internal communication regarding procedure to obtain cell site information because it is protected by the deliberative process privilege. The withheld information is not appropriate for discretionary disclosure. |
| 47 | 2 | Internal email message dated November 19, 2007, regarding procedures for locating fugitives | WIF:b5, b7E | Withheld details of advice regarding the proper procedure for locating fugitives, which is protected by the deliberative process privilege; and to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to the legal methods for locating fugitives. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
| 48 | 18 | Draft Application (Under Sealed) (8 pages) and Proposed Order (Under Seal) (6 pages) and Memorandum of Law (5 pages) | WIF; b5, b6, b7C, b7D | Withheld this draft document because it is protected by the attorney work product and deliberative process privileges; and, the names, cell phone number, cell phone account number, business name and address related to two third parties of investigative interest to the government to protect against harassment or stigmatizing public attention; the names of an ICE Special Agent to protect against harassment and annoyance in the conduct of official duties and in private life; and information provided by a confidential source. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |

| 49 | 1 | Internal email message dated March 22, 2007, regarding procedures for obtaining prospective cell site information | WIF: b5 | Withheld details of request for advice regarding the proper procedure for obtaining cell site information, which is protected by the deliberative process privilege. . There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
|----|---|---|---|---|
| 50 | 1 | Internal memorandum regarding recommended procedures for obtaining prospective cell site/GPS information | WIF: b5 | Withheld details of advice regarding the proper procedure for obtaining prospective cell site information in fugitive and non-fugitive cases, which is protected by the deliberative process and attorney client privileges. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
| 51 | 4 | Three intra-agency email messages dated February 11 and 12, 2004, and May 27, 2004, regarding the procedure for locating fugitives and attachment | WIF: b5, b6, b7C | Withheld details of intra-agency discussions regarding the proper procedure for obtaining cell site information in fugitive cases, which is protected by the deliberative process privilege.[2] There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
| 52 | 1 | Internal email message dated June 18, 2007, regarding the proper procedure for obtaining electronic communications after an adverse 6th Circuit decision | WIF: b5 | Withheld details of internal discussion regarding the impact of a 6th Circuit decision on the procedures for obtaining electronic communications, which is protected by the deliberative process privilege. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |

[2] Five email messages dated February 11 & 12, May 27, and June 4, 2004, and an attached printout of cell phone activity associated with a target's cell phone contained in this email chain originated with the United States Marshals Service (USMS), which has advised EOUSA that these messages are exempt from release pursuant to FOIA Exemptions (b)(5) and (b)(7)(C), and (b)(6), because they are protected by the deliberative process and attorney client privileges, and to protect the name of a USMS employee.

| 53 | 1 | Intra-agency email message dated September 12, 2008, containing guidance for obtaining cellular phone records | WIF: b5 | Withheld details of internal guidance in response to a recent court decision regarding the procedures for obtaining cell phone records, which is protected by the deliberative process and attorney client privileges. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
|----|---|---|---|---|
| 54 | 1 | Two internal email messages dated September 11, 2008, regarding a recent adverse decision | WIF: b5 | Withheld details of internal discussion regarding the impact of a district court decision on the procedures for obtaining cell site information, which is protected by the deliberative process privilege. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
| 55 | 2 | Three internal email messages dated July 2, 2008, and August 7, 2008, requesting advice on the procedure for obtaining GPS information in a criminal investigation | WIF: b5 | Withheld details of internal discussion regarding the proper procedure for obtaining cell site information in ongoing criminal investigation, which is protected by the deliberative process privilege. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
| 56 | 1 | Two intra-agency email messages dated July 22, 2008, seeking legal advice pertaining to obtaining cell site information | WIF: b5 | Withheld details of intra-agency request for legal advice regarding the obtaining cell site information, which is protected by the deliberative process and attorney client privileges. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
| 57 | 1 | Internal email message dated May 15, 2008, regarding the proper procedure for obtaining GPS data | WIF: b5 | Withheld details of internal discussion regarding the proper procedure for obtaining GPS information to include in a internal form, which is protected by the deliberative process and attorney client privileges. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |

| 58 | 2 | Seven intra-agency email messages dated January 24, 2007, regarding the proper procedure for obtaining GPS information | WIF: b5 | Withheld details of intra-agency discussions regarding the proper procedure for obtaining GPS information, which is protected by the deliberative process and attorney client privileges. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
|----|---|---|---|---|
| 59 | 3 | Seven intra-agency email messages dated January 24, 2007, regarding the proper procedure for obtaining cell phone location information | WIF: b5, b7E | Withheld details of intra-agency discussions regarding the proper procedure for obtaining cell phone location information, which is protected by the deliberative process and attorney client privileges; and to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to information/cellular phone technology that are not generally known to the public and the legal methods to obtain cell phone location information. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
| 60 | 1 | Two intra-agency email messages dated January 24, 2007, regarding the proper procedure for obtaining cell phone location information | WIF: b5 | Withheld details of intra-agency discussions regarding the proper procedure for obtaining cell phone location information, which is protected by the deliberative process and attorney client privileges. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
| 61 | 1 | Two intra-agency email messages dated January 24, 2007, regarding the proper procedure for obtaining cell phone location information | WIF: b5, b7E | Withheld details of intra-agency discussions regarding the proper procedure for obtaining cell phone location information, which is protected by the deliberative process and attorney client privileges; and to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to information/cellular phone technology that are not generally known to the public and the legal methods to obtain cell phone location information. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |

| 62 | 2 | Four intra-agency email messages dated January 8, 2007, regarding the proper procedure for obtaining cell site information | WIF: b5, b7E | Withheld details of intra-agency discussions regarding the proper procedure for obtaining cell site information, which is protected by the deliberative process and attorney client privileges; and to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to information/cellular phone technology that are not generally known to the public and the legal methods to obtain cell site information. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
|---|---|---|---|---|
| 63 | 1 | Two internal email messages dated January 8, 2007, regarding the proper procedure for obtaining cell site information | WIF: b5 | Withheld details of intra-agency discussion regarding the proper procedure for obtaining cell site information, which is protected by the deliberative process privilege. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
| 64 | 4 | Four intra-agency email messages dated November 21, 2006, regarding the proper procedure for obtaining GPS information | WIF: b5 | Withheld details of intra-agency discussion regarding the proper procedure for obtaining GPS information in fugitive cases, which is protected by the deliberative process and attorney client privileges. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
| 65 | 15 | Draft Application (Sealed) (5pages), Affidavit (5 pages), and Proposed Order (5 pages) (Sealed) | WIF: b5, b6, b7C, b7D | Withheld this draft document because it is protected by the attorney work product and deliberative process privileges; and, the names and cell phone numbers related to third parties of investigative interest to the government to protect against harassment or stigmatizing public attention; the name of a local law enforcement official to protect against harassment and annoyance in the conduct of official duties and in private life; and information provided by a confidential source. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |

| 66 | 12 | Draft Application (Sealed) (5pages), Declaration (2 pages), and Proposed Order (5 pages) (Sealed) | WIF: b5, b6, b7C | Withheld this draft document because it is protected by the attorney work product and deliberative process privileges; and the names and cell phone numbers related to third parties of investigative interest to the government to protect against harassment or stigmatizing public attention; and the name of an FBI Special Agent to protect against harassment and annoyance in the conduct of official duties and in private life. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
|----|----|----|----|----|
| 67 | 7 | Application (Sealed) (5pages), and Order (2 pages) (Sealed) | WIF: b5, b6, b7A, b7C | Withheld this document because it is protected by the attorney work product privilege; and, the name and cell phone numbers related to third party of investigative interest to the government to protect against harassment or stigmatizing public attention; the names and business affiliations of three third parties merely mentioned to protect against harassment and unwanted public attention; and the name of an FBI Special Agent to protect against harassment and annoyance in the conduct of official duties and in private life. There is no reasonably segregable information contained in this document. The withheld information is not appropriate for discretionary disclosure. |
| 68 | 14 | Template Application (Under Seal) (8 pages) and Proposed Order (Under Seal) (6 pages) (Supplemental Release) | RIP: b7E | Withheld portions of Application (at pages 2, 3, 5-7), and Order (at pages 2-5) to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to information/cellular phone technology and that are not generally known to the public. The withheld information is not appropriate for discretionary disclosure. |

| 69 | 21 | Template Proposed Order (Under Seal) (7 pages), Application (Under Seal) (9 pages) and Affidavit in Support of Application (Under Seal) (5 pages) (Supplemental Release) | RIP: b2, b7E | Withheld portions of Order (at pages 2-6), Application (at pages 10-16), and Affidavit (at pages 18, 19, 21), and withheld in full page 20 of the Affidavit to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to information/cellular phone technology and that are not generally known to the public.  On page 5 of the Order also withheld information regarding the investigative agency's interest in continuation of service on a target's cell phone account, which if released could risk circumvention of the law by providing details of how to avoid detection, thereby negatively impacting the effectiveness of this technique. The withheld information is not appropriate for discretionary disclosure. |
| 70 | 20 | Template Application (Under Seal) (12 pages) and Proposed Order (Under Seal) (8 pages) (Supplemental Release) | RIP: b7E | Withheld portions of Application (at pages 1-7, 9-11), and Order (at pages 3, 5, 6) to protect the details of techniques and procedures for law enforcement investigations and prosecutions that relate to information/cellular phone technology and that are not generally known to the public.  The withheld information is not appropriate for discretionary disclosure. |
| 71 | 13 | Template Sealed Application (6 pages), Sealed Proposed Order (4 pages) and Sealed Order to Service Provider (3pages) (Supplemental Release) | RIP: b2, b7E | Withheld portions of pages 2, 3, and 5 of the Application and pages 2 and 3 of the Order, and pages 1 and 2 of the Order to the Service Provider to protect the details of techniques and procedures for law enforcement investigations that relate to information/cellular phone technology, that are not generally known to the public and the methods of obtaining cell phone use information.  On page 3 of the Application also withheld information regarding the geographic range for pinpointing a target's cell phone and the general manner in which this is done, which if released could risk circumvention of the law by providing details of how to avoid detection, thereby negatively impacting the effectiveness of this technique.  The withheld information is not appropriate for discretionary disclosure. |

| 72 | 6 | Five intra-agency email messages dated June 10, 2004, September 6, November 2 and 23, 2005, and November 16, 2007, regarding procedures for obtaining cell site information, including an internal draft form | RIP: b2, b5 | The Criminal Division withheld the internal telephone numbers and email addresses for its employees to protect against harassing telephone calls and email messages that could disrupt official business and/or cause a significant diversion of staff members' time and focus from their assigned responsibilities, and an internal draft form that is protected by the attorney client and deliberative process privileges. The withheld information is not appropriate for discretionary disclosure. |
|---|---|---|---|---|
| | | Grand jury material | WIF: b3, FRCP 6(e) | Withheld grand jury material in its entirety pursuant to (b)(3), Federal Rule of Criminal Procedure 6(e), which prohibits disclosure of scope and inner workings of grand jury, and the names and identifying information pertaining to individuals who were subpoenaed and who testified in order to protect against potential for retaliation, harassment and undue embarrassment. There is no reasonably segregable information contained in these documents. This information is not appropriate for discretionary disclosure. |