**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, *et al.*,<br><br>       Plaintiffs,<br><br>   v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>       Defendant. | Civil Action No. 1:08-cv-01157 (ABJ) |

**DECLARATION OF JOHN F. BOSEKER**

      I, John F. Boseker, declare the following to be true and correct:

      1.      I am an Attorney Advisor in the Executive Office for United States Attorneys ("EOUSA"), a component of the United States Department of Justice. I am assigned to the component of EOUSA designated to administer the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. I have held my position in the component of EOUSA administering FOIA for 21 years.

      2.      My official duties include (1) assuring compliance with the FOIA, the Privacy Act, and their implementing regulations, *see* 28 C.F.R. §§ 16.3 *et seq.* and §§ 16.40 *et seq.*; (2) reviewing FOIA or Privacy Act requests for records from EOUSA or the 94 United States Attorney's Offices; (3) reviewing request-related correspondence; (4) reviewing searches performed in response to requests; (5) reviewing agency responses made to those requests; (6) making final disclosure determinations on requested records; and (7) acting as a liaison between EOUSA and other components within the Department of Justice regarding FOIA or Privacy Act requests.

3.     Due to the nature of my official duties, I am personally familiar with the FOIA request made to EOUSA by the American Civil Liberties Union ("ACLU"), which forms the basis for this litigation.

4.     The statements that follow are made on the basis of my review of EOUSA's official files and records, my own personal knowledge, and the information I acquired in performing my official duties.

## ACLU's FOIA Request and EOUSA's Response

5.     On November 30, 2007, EOUSA received a copy of the ACLU's FOIA request, dated November 29, 2007, which sought access to records relating to the government's use of cell phone location data in criminal prosecutions. Specifically, the request sought five categories of records:

> (1) Policies, procedures, and practices followed to obtain mobile phone location information for law enforcement purposes;
>
> (2) The "internal recommendation" that "federal prosecutors seek warrants based on probable cause to obtain precise location data in private areas" described in Ellen Nakashima, *Cellphone Tracking Powers on Request*, Washington Post, Page A01, Nov. 23, 2007, attached as [ECF No. 26-2];
>
> (3) Any violations of the "internal recommendation";
>
> (4) The number of times the government has applied for a court order, based on less than probable cause, authorizing it to obtain mobile phone location information, and whether such applications were successful;
>
> (5) The case name, docket number, and court of all criminal prosecutions, current or past, of individuals who were tracked using mobile location data, where the government did not first secure a warrant based on probable cause for such data.

ACLU's Request Under FOIA to EOUSA at 2 (Nov. 29, 2007), ECF No. 26-3. The request asked EOUSA to search for responsive records in United States Attorney's Offices in California, the

District of Columbia, Indiana, Louisiana, New Jersey, Florida, and Nevada, among other places. *Id.* at 3.

6.  EOUSA's initial searches and responses to the ACLU's FOIA request are comprehensively set forth in the Declaration of Karen M. Finnegan, ECF Nos. 26-6 & 26-7, attached to the Department's first motion for summary judgment, and in the Second Declaration of Karen M. Finnegan, ECF No. 32, attached to the Department's memorandum in further support of its motion. Ms. Finnegan was an Attorney-Advisor with EOUSA. She was assigned to handle ACLU's FOIA request, and her declarations detail all of EOUSA's efforts to respond to the ACLU's request through mid-2009, when the parties cross moved for summary judgment.

7.  I assumed responsibility at EOUSA for handling ACLU's FOIA request after the D.C. Circuit remanded this case to the District Court.

8.  Rather than repeat all of Ms. Finnegan's declarations, I refer the reader to them for most of the details of EOUSA's responses to the ACLU's FOIA request. I limit my declaration to those details relevant to the documents still in dispute in this case.

### EOUSA's Response to Category 5 of ACLU's FOIA Request

9.  EOUSA and the ACLU agree that the only records still in dispute concern Category 5 of the ACLU's FOIA request. To respond to Category 5, EOUSA and the ACLU had adopted a unique procedure. Rather than search existing records, EOUSA agreed in November 2008 to email all the Assistant United States Attorneys in the criminal divisions of nine United States Attorney's Offices the following four questions, with the responses to these questions constituting the Department's entire response to Category 5:

> (1) Do you know of any application granted on or after September 12, 2001, to permit the government to obtain information from mobile carriers about where an individual's cell phone was (or is)

3

>located where no judicial determination of probable cause was made?
>
>(2) If your answer to Question 1 is "yes," was any individual prosecuted after any such application was granted? If so, please provide the case name and docket number (including court) of each prosecution.
>
>(3) If your answer to Question 1 is "yes," do you know of any application granted since November 16, 2007, to permit the government to obtain "GPS or similarly precise location data (sometimes called 'E-911 data') on target [cell] phones" from mobile carriers where no judicial determination of probable cause was made?
>
>(4) If your answer to Question 3 is "yes," was any individual prosecuted after any such application was granted? If so, please provide the case name and docket number (including court) of each prosecution.

The nine offices were the Central District of California, the Northern District of California, the District of Columbia, the Southern District of Florida, the Eastern District of Louisiana, the Middle District of Louisiana, the Northern District of Indiana, the District of Nevada, and the District of New Jersey.

10. In response to this email inquiry, the nine offices reported that they had identified 240 responsive prosecutions (217 responsive to Question 2 of the email and 23 responsive to Question 4). The ACLU was seeking in Category 5 "the case name, docket number, and court" of each of these prosecutions, and EOUSA withheld all of this information pursuant to FOIA Exemptions 6 and 7(C), and some of this information pursuant to FOIA Exemption 7(A).

**Court Proceedings**

11. In mid-2009 the Department of Justice and the ACLU both moved for summary judgment on the legality of withholding the information responsive to Category 5. On March 26, 2010, the District Court for the District of Columbia ruled that the Department must disclose the requested case information about any prosecutions that resulted in a public guilty plea or

4

conviction, but that the Department could lawfully withhold under Exemption 7(C) the remaining prosecutions, especially those that resulted in acquittals or dismissals, or which were sealed (and remained sealed). However, the record was silent as to which of the responsive prosecutions had resulted in public guilty pleas or convictions and which had resulted in acquittals or dismissals or were under seal, as neither party had argued that the dispositions of the prosecutions governed what could be withheld under Exemption 7(C).

12. Both parties appealed this ruling, and on September 6, 2011, the D.C. Circuit issued an opinion affirming in part and vacating in part the District Court's ruling. The D.C. Circuit affirmed the ruling that the Department must disclose the requested information about cases resulting in public guilty pleas or convictions. As for the ruling that the Department could withhold prosecutions that resulted in acquittals or dismissals, or which were sealed (and remained sealed), the D.C. Circuit noted that the record was silent about whether there were any such prosecutions, and rather than decide a question that might be purely academic, it remanded to the District Court to develop the factual record about whether any of the identified responsive prosecutions had resulted in acquittals or dismissals, or were sealed.

**EOUSA's Response Following Remand from the D.C. Circuit**

13. Following the remand, I worked with each of the nine U.S. Attorney's Offices to review the 240 responsive prosecutions and determine which needed to be disclosed to comply with the rulings by the District Court and the D.C. Circuit. For some prosecutions, the required follow-up search was simply a matter of entering the docket number on PACER and checking a single docket entry to see if there was a public conviction or guilty plea. But other prosecutions were significantly more complex, and for them it could be difficult to determine whether they

resulted in a public guilty plea or conviction (and had to be disclosed) and, if so, what the case name and docket number was. For example, some of the prosecutions:

- Involved fugitives, or otherwise had not resulted in any outcome, whether a guilty plea, conviction, acquittal, or dismissal;
- Involved multiple defendants, with some defendants who had been convicted or pleaded guilty in public, and other defendants who had not;
- Were partially sealed, such as in cases where the disposition of the prosecution was sealed, but other proceedings in the case were public;
- Involved a defendant convicted at trial but whose conviction was overturned on appeal
- Splintered into multiple separate prosecutions, each with a different case name and docket number;
- Transferred from the jurisdiction in which the prosecution began;

Other cases had other unique circumstances that made it difficult to determine whether they should be released or should be withheld to protect the privacy of the defendants.

14. During this review, EOUSA and the United States Attorney's Offices determined that 11 of the 240 prosecutions initially identified as responsive were in fact duplicative (the same case was listed twice) or were misidentified as being responsive to Category 5 (for example, one identified prosecution was outside the timeframe established by the FOIA request). Of these 11, 1 was from the Northern District of California, 5 were from the District of Columbia, 3 were from the Southern District of Florida, 1 was from the Middle District of Louisiana, and 1 was from the District of Nevada. Thus, there are 229 responsive prosecutions.

### Documents Released Following Remand

15. After completing this review, EOUSA released to the ACLU on February 24, 2012, the case name and docket number of 214 of the 229 responsive prosecutions. In deciding which prosecutions to release, EOUSA erred on the side of disclosure.

**Documents Withheld Following Remand**

16.     EOUSA withheld the case names and docket numbers of 15 of the 229 responsive prosecutions: 4 resulting in dismissals; 2 resulting in acquittals; and 9 for other reasons (*e.g.*, sealed cases). All of these case names and docket numbers are withheld under Exemptions 6 and 7(C), and some are also withheld under Exemption 7(A). *See* Supplemental *Vaughn* Index (attached as Exhibit A). The case information about the dismissals and acquittals is withheld only under Exemptions 6 and 7(C), not under Exemption 7(A).

17.     A tally of the responsive prosecutions released and withheld, broken down by United States Attorney's Office, is given in the following table:

| United States Attorney's Office | Prosecutions Identified as Responsive | Released (Convictions & Guilty Pleas) | Withheld and Not Disputed | Withheld and Disputed |
|---|---|---|---|---|
| Central District of California | 22 | 22 | 0 | 0 |
| Northern District of California | 39 | 29 | 9 | 1 (dismissal) |
| District of Columbia | 16 | 13 | 0 | 3 (dismissals) |
| Southern District of Florida | 60 | 58 | 0 | 2 (acquittals) |
| Northern District of Indiana | 0 | 0 | 0 | 0 |
| Eastern District of Louisiana | 2 | 2 | 0 | 0 |
| Middle District of Louisiana | 6 | 6 | 0 | 0 |
| District of Nevada | 1 | 1 | 0 | 0 |
| District of New Jersey | 83 | 83 | 0 | 0 |
| **Total** | **229** | **214** | **9** | **6** |

**EOUSA's Justification for Withholding Under Exemption 7(C)**

18. The ACLU has informed the Department of Justice that it is challenging the withholding of only the "case names and docket numbers of [the six] cases that resulted in acquittals or dismissals." ACLU's Response to Court Order at 1 (Mar. 9, 2012), ECF No. 56. The ACLU is not challenging the withholding of the 9 cases that are sealed, have sealed dispositions, or involve fugitives. Accordingly, my declaration focuses only on the justification for withholding the information about the 6 prosecutions that resulted in acquittals or dismissals.

19. Exemption 7(C) exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

20. The threshold question for applying Exemption 7(C) is whether the withheld information was "compiled for law enforcement parties." It is my understanding that the parties agree that the withheld information about the six cases resulting in acquittals or dismissal was compiled for law enforcement purposes. In any event, the withheld information was compiled by the named United States Attorney's Offices for the criminal investigation and prosecution of third party individuals for violations of various federal laws. Accordingly, this information was compiled for law enforcement purposes.

21. If the threshold question is satisfied, EOUSA must balance the privacy interests of the individuals mentioned in these records against any public interest in disclosure. EOUSA has determined that the privacy interests of the individuals who were acquitted or who had the charges against them dismissed outweighs any public interest in disclosing information about their prosecutions. That is because revealing the identities of these individuals could reasonably

8

be expected to cause them embarrassment and humiliation, and thus constitute an unwarranted invasion of personal privacy.

22.  The individuals who are the subjects of the 6 prosecutions about which ACLU is seeking information have significant privacy interests in not having this information disclosed to the public. These individuals were prosecuted by the federal government and either were acquitted of the charges against them, or the charges were dismissed. Being linked with any criminal prosecution is stigmatizing and embarrassing. The subjects of criminal prosecutions therefore have a substantial interest in nondisclosure of their criminal history, as revelation of this fact may impair their relationships with family, friends, and other acquaintances. These interests are even stronger for individuals who have been acquitted or had the charges against them dismissed, as it would be fundamentally unfair to repeatedly subject a person to public opprobrium by bringing renewed public attention to criminal charges that were not sustained. Such individuals have a significant interest in being able to reintegrate successfully into their communities, a process that will be impeded if they are repeatedly confronted with old and unsustained criminal charges.

23.  The public interest in disclosure of this information is determined by whether the information in question would inform the ACLU and the general public about the scope and effectiveness of cell phone tracking as a law enforcement tool. This public interest was satiated by the release of information about the 214 responsive prosecutions; it is difficult to see how releasing information about 6 additional prosecutions would add anything to what can be learned from the 214 prosecutions. Thus, any public interest in releasing the case name and docket number of the six prosecutions resulting in acquittals or dismissals is minimal.

24. At the time these records were reviewed, EOUSA considered the passage of time and its effect on the privacy interests of third-party individuals in balancing the privacy and the public interests. It was determined that the privacy interests are as strong and pertinent now as when the records were created. Indeed, they are likely stronger, given that the defendants in the withheld prosecutions were acquitted or had the charges dismissed, and thus they should be allowed to get on with their lives without having to be confronted with fresh questions about stale prosecutions.

### EOUSA's Justification for Withholding Under Exemption 6

25. Exemption 6 exempts from disclosure "personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

26. This exemption broadly covers all information pertaining to an identifiable individual. EOUSA has categorically applied Exemption 6 in conjunction with Exemption 7(C) to protect information pertaining to third-party individuals who were acquitted during their prosecutions, or who had the prosecutions against them dismissed, because their privacy interests in the information outweigh any public interest in disclosure. The categorical application of this exemption is appropriate because no consent or authorization to release this information was provided to EOUSA in connection with this FOIA request, and the ACLU did not meet its burden of identifying any legitimate public interest in disclosing this information. For this reason, EOUSA determined that release of this information would constitute an unwarranted invasion of personal privacy of third-party individuals that could result in harassment or embarrassment. EOUSA's balancing of the privacy and public interests in determining whether to withhold third-party information under Exemption 7(C), as set forth above, applies equally to the balancing of

interests under Exemption 6. Accordingly, EOUSA has categorically asserted Exemption 6 in conjunction with Exemption 7(C) to withhold information about the six prosecutions that resulted in acquittals or dismissals.

### Segregability

27.  EOUSA reviewed the responsive records to determine if any information could be segregated and released without invading the privacy interests of third-party individuals named in these records; however, EOUSA determined that no reasonably segregable information could be released without invading the strong privacy interests of the third-party individuals. After all, the information being sought is the case name and docket number of the six responsive prosecutions that resulted in acquittals or dismissals. There is no way to release a useful portion of either the case name or docket number (any portion that is sufficiently redacted to avoid identifying the defendant would either be gibberish, *e.g.*, "20XX-cr-X3XX," or utterly generic, *e.g.*, "United States v. [Redacted]"). And releasing either the entire case name or docket number would enable the ACLU to identify the case and the defendant(s), which would enable the unwarranted invasion of privacy that withholding this information under Exemption 7(C) is meant to prevent.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: April 26, 2012

John F. Boseker
Attorney Advisor, EOUSA

11

# EXHIBIT A

**SUPPPLEMENTAL *VAUGHN* INDEX**
**American Civil Liberties Union, *et al.* v. U.S. Department of Justice**
**Case No. 1:08-cv-01157 (ABJ)**

| Document | Pages | Document Description | Exempt Status | Justification |
|---|---|---|---|---|
| 73 | 8 | List of the 240 case names and docket numbers that were identified by the relevant U.S. Attorneys' Offices in response to the email inquiry approved by this court in its order of November 20, 2008, ECF No. 18. | Released in Part. Withheld portions exempt under: b6, b7A, b7C | Withheld the names and docket numbers of 15 cases: 2 because they are sealed; 6 because the dispositions of all defendants are sealed; 4 because all charges were dismissed; 2 because all defendants were acquitted; and 1 because all defendants are fugitives. These withholdings protect the privacy interests of the defendants and, in cases where there is no final disposition (*e.g.*, where the defendants are fugitives), prevent interference with enforcement of the law. |