**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
AMERICAN CIVIL LIBERTIES               )
UNION, *et al.*,                        )
                                        )
                    Plaintiffs,         )
                                        )
        v.                              )        Civil Action No. 08-1157 (ABJ)
                                        )
DEPARTMENT OF JUSTICE,                  )
                                        )
                    Defendant.          )
_____)

## <u>MEMORANDUM OPINION</u>

This case has been remanded to the District Court to resolve a factual question. The Court has now resolved that question and because its resolution does not affect the original decision, *Am. Civil Liberties Union v. DOJ (ACLU)*, 698 F. Supp. 2d 163 (D.D.C. 2010), the Court reaffirms that decision.

Plaintiffs American Civil Liberties Union and the American Civil Liberties Union Foundation (together "ACLU") brought this action against the Department of Justice ("DOJ") under the Freedom of Information Act ("FOIA"). They sought to obtain, among other things, the case names and docket numbers of "all criminal prosecutions, current or past, of individuals who were tracked using mobile location data, where the government did not first secure a warrant based on probable cause of such data." Request Under Freedom of Information Act to Executive Office for U.S. Attorneys, Ex. 2 to Def.'s Mot. for Summ. J. [Dkt. # 26] ("Def.'s First Mot.") at 2; Request Under Freedom of Information Act to Drug Enforcement Administration, Ex. 3 to Def.'s First Mot. at 2. DOJ moved for summary judgment, arguing that FOIA Exemptions 6 and

7(C) justified the categorical withholding of all responsive records.  [Dkt. # 26].  ACLU filed a

cross-motion for summary judgment.  [Dkt. # 29].

In 2010, the court granted in part and denied in part both motions.  Order (Mar. 26, 2010)

[Dkt. # 40].  It set out the standards for Exemptions 6 and 7(C):  "Exemption 7(C) permits

withholding when disclosure 'could reasonably be expected to constitute an unwarranted

invasion of personal privacy,' while Exemption 6 permits withholding only when disclosure

would constitute a clearly unwarranted invasion of personal privacy.'"  *ACLU*, 698 F. Supp. 2d

at 165.[1]  Applying the balancing test that these standards both require, the Court then found:

> [T]he public interest in 'what the government is up to' outweighs the
> privacy interests of persons who have been convicted of crimes or have
> entered public guilty pleas; but . . . the privacy interests of persons who
> have been acquitted, or whose cases have been sealed and remain under
> seal, or whose charges have been dismissed, outweigh the public interest
> in disclosure of their names and case numbers.

*Id.* at 6.  It thus required the release of responsive records from cases in which the defendants had

been convicted or entered public guilty pleas, but allowed DOJ to withhold records from cases

that had been sealed and remained under seal, in which the defendants were acquitted, and in

which the charges against the defendants had been dismissed.  Order (Mar. 26, 2010) [Dkt. # 40].

Both sides appealed.  In a decision issued on September 6, 2011, the Court of Appeals for

the D.C. Circuit upheld the court's decision as to the category of responsive records from cases

that resulted in convictions or public guilty pleas.  *Am. Civil Liberties Union v. DOJ (ACLU II)*,

655 F.3d 1, 16 (D.C. Cir. 2011).  The Court agreed that the privacy interests of defendants in

those cases "are weaker than for individuals who have been acquitted or whose cases have been

dismissed . . . [a]nd they are plainly substantially weaker than the privacy interests of individuals

---

1       The court also noted that Exemption 7(C) requires that the withheld records be "compiled
for law enforcement purposes," but that the ACLU had conceded that all the records at issue here
meet that requirement.  *ACLU*, 698 F. Supp. 2d at 165 n.2.

who have been investigated but never publicly charged at all." *Id.* at 7.  It held that the relatively weak privacy interest of the convicted individuals was not sufficient to outweigh the public interest in disclosure of the records.  *Id.* at 16.

As to the other category of responsive records, the court of appeals stated that the distinction between cases that resulted in public convictions or guilty pleas and cases that resulted in acquittals or dismissals or that remain under seal "makes some intuitive sense" because of the difference in the strength of the privacy interests involved.  *Id.* at 17; *see also id.* at 18 ("[I]t is one thing to disclose the identities of targets who were eventually convicted in public proceedings; but the privacy calculus becomes increasingly more significant if disclosure extends to those who were acquitted . . . .").  But the court also observed that whether the difference in privacy interests between the two groups of defendants "is enough of a distinction to justify withholding under Exemption 7(C) is a harder question."  *Id*. at 17.

The court of appeals did not go on to answer the question.  Rather, it pointed out that because the district court devised the distinction between the two groups of cases *sua sponte*, the record was silent as to whether any of the withheld records involved cases that resulted in acquittals or dismissals or that remain under seal.  *Id.*  On that basis, the court decided:

> Rather than attempt to resolve a question that may turn out to be purely academic, we conclude that the better course is to vacate this portion of the district court's decision and remand the case for that court to determine whether any of the docket numbers refer to cases in which the defendants were acquitted, or to cases that were dismissed or sealed (and remain sealed).  The court may develop this information by requiring affidavits of the government or additional entries in the government's *Vaughn* index. . . . Needless to say, if there are no such cases, that will resolve this particular request.

*Id.*[2]

Following the D.C. Circuit's ruling, this Court set a schedule for DOJ to complete document production and for the ACLU to notify the Court whether it would contest any withheld documents.  Minute Entry (Feb. 8, 2012).  On February 24, 2012, DOJ notified the Court that it had produced a supplemental *Vaughn* index describing the withholding of the docket numbers and case names for fifteen cases, and in notices filed on March 9, 2012 and March 16, 2012, the ACLU notified the Court that it continued to seek the case names and docket numbers for six of those cases:  four identified in the supplemental *Vaughn* index as cases that resulted in dismissals, and two that resulted in acquittals.  Response to Court Order [Dkt. # 56] at 1; Joint Status Report and Proposed Briefing Schedule [Dkt. # 57] at 1.  DOJ filed a motion for summary judgment on April 27, 2012, [Dkt. # 58], and the ACLU filed a cross-motion on May 25, 2012, [Dkt. # 60].  The motions are now fully briefed.

DOJ argues that there is no reason for the Court to revisit the prior ruling because "[t]he D.C. Circuit vacated the portion of this Court's ruling concerning acquittals or dismissals solely for further development of the record, not because it identified any legal errors."  Def.'s Mem. at 11.  The Court believes that this is an accurate description of the appellate opinion.  The court of appeals did not hold that the original vindication of the privacy interests of defendants who had been acquitted or whose cases were dismissed was improper.  Nor did it direct this Court to conduct a new balancing once it ascertained whether there were any records to which the original

---

2      In another section of its opinion, the court of appeals also vacated the court's decision on a second component of the ACLU's FOIA request, which concerned a draft application to engage in warrantless cell phone tracking that DOJ had withheld in full and a template application that DOJ had partially released.  *ACLU II*, 655 F.3d at 17–19, 20.  The parties have since resolved those issues.  *See* ACLU's Response to Court Order (Mar. 9, 2012) [Dkt. # 56] at 1; Mem. in Support of U.S. DOJ's Second Motion for Summ. J., [Dkt. # 58-1] ("Def.'s Mem.") at 7 n.5.  Accordingly, that portion of the D.C. Circuit's mandate is now moot.

balancing would pertain.  Rather, the court of appeals remanded the matter so that this Court could determine "whether any of the docket numbers refer to cases in which the defendants were acquitted, or to cases that were dismissed or sealed (and remain sealed)."  *ACLU II*, 655 F.3d at 17.  Thus, the court's chief concern with respect to this issue appears to be whether it had been presented with a live controversy or merely an academic question.  And this Court has now conducted the necessary proceedings to answer that question.

The Court has determined through DOJ's supplemental *Vaughn* index that the withholdings include case names and docket numbers from four cases that resulted in dismissals and two cases that resulted in acquittals.  Boseker Decl., Ex. 3 to Def.'s Second Mot. for Summ. J. [Dkt. # 58] ¶ 17; Response to Court Order [Dkt. # 56] at 1.  Accordingly, the issue of whether the privacy interests of the individual defendants outweigh the public interest in disclosure for those categories of cases is properly before the Court.

In Part III its opinion, the court of appeals concluded that "if there are no such cases, that will resolve this particular request," *ACLU II*, 655 F.3d at 17, but it did not specify what action this Court should take if such cases were found to exist.  At the conclusion of the opinion, after it had considered a number of issues in addition to the question related to the categories of records, the court did state that it:  "vacate[d] and remand[ed] the remainder of the district court's decision for that court to develop the factual information discussed in Part III above and, thereafter, to reconsider the appropriate disposition of the remaining aspects of the case."  *Id.* at 20.  So one could interpret that statement as a further directive to "reconsider" the 2010 ruling of the district court on the subject of these records.  But that would involve balancing the public interest in the disclosure of the information against the privacy rights of individuals who had been acquitted or whose cases had been dismissed, albeit on the public docket, and that balance

was fully set forth in the court's previous opinion and was not criticized or overturned in the circuit court's opinion.

This Court should "scrupulously avoid implementing [a circuit court's] mandate in a manner that exceeds . . . the appellate decision." *United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 865 F. Supp. 2d 1, 7 (D.D.C. 2011), quoting *Tex. Oil & Gas Corp. v. Hodel*, 654 F. Supp. 319, 323 (D.D.C. 1987).  Since there is no indication in the appellate decision that this Court's ruling on the first motion for summary judgment was improper, the Court will not read the mandate as requiring this Court to revisit it.  This decision is in the interest of judicial efficiency.  *Id.* at 8, quoting *Armstrong v. Burdette Tomlin Mem'l Hosp.*, 276 F. Supp. 2d 264, 267 (D.N.J. 2003), *rev'd on other grounds*, 438 F.3d 240 (3d Cir. 2006) (stating that in the interest of efficiency, "a court may limit future proceedings 'to prevent the retrial of any issue already properly decided'") (emphasis omitted).  It also accords with the directive that "the *same* issue presented a second time in the *same case* in the *same court* should lead to the *same result*." *Lashawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (en banc).

Accordingly, the Court will grant DOJ's motion for summary judgment, [Dkt. # 58], and will deny the ACLU's cross-motion, [Dkt. # 60].  A separate order will issue.


AMY BERMAN JACKSON
United States District Judge

DATE:  February 15, 2013